1  Malhar S. Pagay (CA Bar No. 189289)
   Pamela E. Singer (CA Bar No. 224758)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010

5

6  Attorneys for Petitioner

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                  **OAKLAND DIVISION**

11  In the Matter of the Arbitration between    |    Civil Action, File No. C08-02327

12  NINGBO YONG FENG PACKAGING CO., LTD,    |    **REQUEST FOR ENTRY OF DEFAULT
                                                   JUDGMENT BY THE COURT**
13                       Petitioner,

14        v.

15  EAGLE BAG CORPORATION,

16                       Respondent.

17        Petitioner, Ningbo Yong Feng Packaging Co., Ltd., ("Petitioner"), by and through its

18  undersigned counsel, hereby requests, pursuant to Rule 55(b)(2) of the Federal Rules of Civil

19  Procedure that the Clerk of the Court enter a default judgment in favor of Petitioner and against

20  Eagle Bag Corporation ("Respondent") for failure to plead or otherwise defend the *Petition for

21  Order Confirming Foreign Arbitration Award Pursuant to 9 U.S.C. § 207* (the "Petition") filed in

22  this case.[1]  Petitioner requests that the default judgment be in the amount of (A) $328,565.84,

23  comprised of (i) damages awarded by the Arbitration Commission in the amount of $315,597.07,

24  and (ii) costs awarded by the Arbitration Commission in the amount of RMB 89,936 yuan, which, at

25  the exchange rate current as of June 2, 2008, the date when Petitioner requested entry of default by

26  the Clerk, calculates to $12,968.77, plus (B) interest thereon, at the rate of 6.0% per annum

27  commencing September 9, 2007, through the date that the Respondent satisfies the judgment, as set

28

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Petition.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    forth in the Arbitration Award, plus (C) costs incurred in this action in the amount of $548.50, with

2    post-judgment interest to accrue on such costs at the rate of 2.05% per annum commencing from the

3    date of entry of this judgment, until paid.

4         As set forth in the Declaration of Pamela E. Singer filed herewith, the Clerk of the Court

5    entered the default as to Eagle Bag Corporation on June 17, 2008.  Petitioner's claim is for a sum

6    certain, and the Respondent is not an infant, incompetent or person in the military.

7         **WHEREFORE**, Petitioner requests that the Court enter a default judgment against the

8    Defendant in accordance with this request.

9    Dated:    August 26, 2008            PACHULSKI STANG ZIEHL & JONES LLP

10

11                              By    */s/ Pamela E. Singer*

12                                    Pamela E. Singer (CA Bar No. 224758)
                                     Attorneys for Petitioner

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  Malhar S. Pagay (CA Bar No. 189289)
   Pamela E. Singer (CA Bar No. 224758)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010

5

6  Attorneys for Petitioner

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11  In the Matter of the Arbitration between      Civil Action, File No. C08-02327

12  NINGBO YONG FENG PACKAGING CO., LTD,    **DECLARATION OF PAMELA E.
                                            SINGER IN SUPPORT OF REQUEST
13                   Petitioner,            FOR ENTRY OF JUDGMENT BY THE
                                            COURT**
14  v.

15  EAGLE BAG CORPORATION,

16                   Respondent.

17        I, Pamela E. Singer, declare as follows:

18        1.      I am an attorney duly admitted to practice before the courts of the State of California

19  and this Court.  I am of counsel to Pachulski Stang Ziehl & Jones LLP (the "Firm"), counsel for the

20  Petitioner in the above-captioned case.  I have personal knowledge of the facts set forth herein, and

21  would and could competently testify with respect to these facts, if called upon to do so.

22        2.      I submit this declaration in support of the *Request for Entry of Judgment by the Court*

23  filed by Ningbo Yong Feng Packaging Company, Ltd.'s ("Petitioner") against Eagle Bag

24  Corporation ("Respondent").

25        3.      On May 6, 2008, the Petitioner filed the *Petition for Order Confirming Foreign

26  Arbitration Award Pursuant to 9 U.S.C. § 207* ("Petition") in the above-captioned Court.  Unless

27  otherwise defined herein, capitalized terms have the meanings ascribed to them in the Petition.

28  ///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

4.      On May 6, 2008, the District Court issued the Summons in a Civil Action ("Summons"), the Order Setting Initial Case Management Conference and ADR Deadlines (the "Case Management Order"), the Notice of Availability of Magistrate Judge to Exercise Jurisdiction (the "Magistrate Notice"), and the ECF Registration Information Handout ("ECF Information").

5.      On May 6, 2008, I caused to be served the Petition, Summons, Case Management Order, Magistrate Notice and ECF Information (collectively, the "Initiating Papers") upon Respondent as follows:

Wang Chin Long, Agent for Service for Eagle Bag Corporation
700A Independent Rd.
Oakland, CA 94261

6.      Attached hereto as **Exhibit A** is a true and correct copy of the Initiating Papers, and proof of service thereof.  The proof of service of the Initiating Papers is attached to the Summons and was filed with the Court on May 8, 2008 [Docket No. 5].

7.      On May 8, 2008, I caused to be served the Clerk's Notice regarding the updated time of the Case Management Conference.  Attached hereto as **Exhibit B** is a true and correct copy of the Clerk's Notice and proof of service thereof.

8.      Pursuant to Rule 7012 of the Federal Rules of Civil Procedure, an answer to the Petition by the Respondent was required within twenty (20) days after the day the Summons was served, or in this case, no later than May 26, 2008.

9.      To date, Petitioner has not received an answer to the Petition or any other responsive pleading from the Respondent and, to the best of my knowledge, no responsive pleading or answer has been filed by the Respondent with this Court.

10.      On June 6, 2008, Petitioner filed its *Request for Entry of Default and Default Judgment by the Clerk* (the "Default Request") [Docket No. 7].  On June 6, 2008, Petitioner served Respondent with a copy of the Default Request.  The Respondent has not responded to the Default Request.

11.      The Respondent has not responded to the Default Request, despite proper service thereof.

DECLARATION OF PAMELA E. SINGER IN SUPPORT OF
REQUEST FOR ENTRY OF JUDGMENT BY THE COURT

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  12.    On June 17, 2008, the Clerk entered the default of Respondent.  A true and correct

2  copy of the Clerk's entry of default is attached hereto as **Exhibit C**.

3  13.    This action involves a request to confirm an Arbitration Award against the

4  Respondent, in favor of the Petitioner, entered by the Arbitration Commission in Beijing, China.  As

5  set forth in the Arbitration Award, which is included with the Petition that is attached hereto as

6  **Exhibit A**, the Arbitration Commissioner has awarded to Petitioner against Respondent the amount

7  of $328,565.84, comprised of (i) damages in the amount of $315,597.07, and (ii) costs in the amount

8  of RMB 89,936, which at the exchange rate current as of June 2, 2008, calculates to $12,968.77.

9  The Arbitration Award further provides that interest shall accrue on the total amount of damages and

10  costs ($325,565.84) at the annual rate of six percent (6%), commencing September 9, 2007, through

11  the date that the Respondent satisfies the judgment.

12  14.    The Respondent has not paid any portion of the Arbitration Award.

13  15.    The Petition also seeks the costs incurred in filing and serving the Petition and these

14  default request papers.  The Petitioner has incurred costs in the amount of $548.50, representing the

15  filing fee of $350 paid to the Court to commence this action, the fee of $108.00 paid to Specialized

16  Legal Services, Inc. ("Specialized") to file the Petition with the Court, and $90.50 paid to

17  Specialized to serve the Petition, Summons, Case Management Order and Clerk's Notice upon the

18  Respondent.

19  16.    Respondent is a corporation organized under the laws of California and is not an

20  infant, incompetent or in the military.

21  I declare under penalty of perjury under the laws of the United States and the State of

22  California that the foregoing is true and correct.

23  Executed this 26th day of August, 2008, at San Francisco, California.

24

25

26  */s/ Pamela E. Singer*
    Pamela E. Singer

27

28

# **Exhibit A**

1  Malhar S. Pagay (CA Bar No. 189289)
   Pamela E. Singer (CA Bar No. 224758)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010

5  Attorneys for Petitioner

ORIGINAL
FILED

MAY – 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       OAKLAND DIVISION

ADR

C08-02327 SBA

11  In the Matter of the Arbitration between       Civil Action, File No. _____

12  NINGBO YONG FENG PACKAGING CO., LTD,           PETITION FOR ORDER
                                                   CONFIRMING FOREIGN
13                       Petitioner,               ARBITRATION AWARD PURSUANT
                                                   TO 9 U.S.C. § 207
14         v.

15  EAGLE BAG CORPORATION,

16                       Respondent.

17         Petitioner, Ningbo Yong Feng Packaging Co., Ltd. ("Petitioner"), alleges:

18         1.      Petitioner is a corporation organized and existing under the laws of China, with its

19  principal place of business in the City of Ningbo, China.

20         2.      Respondent, Eagle Bag Corporation ("Respondent"), is a corporation organized and

21  existing under the laws of the State of California, having a principal place of business at Oakland,

22  California.

23         3.      China is a party to the Convention on the Recognition and Enforcement of Foreign

24  Arbitral Awards of June 10, 1958.

25         4.      The Court has jurisdiction over this case to confirm a foreign arbitration award

26  pursuant to 9 U.S.C. § 203.

27         5.      Venue  is proper in this Court pursuant to 9 U.S.C. § 204.

28

1        6.     In the year 2005, Petitioner and Respondent entered into fourteen written contracts

2    (the "Contracts") for the sale of goods, specifically, woven fabrics and woven bags (the "Goods").

3    A true copy of each Contract is attached hereto as **Exhibit A**, and incorporated herein by reference

4    as if fully set forth herein.

5        7.     Pursuant to paragraph 7 of each Contract, Petitioner agreed to ship the Goods from

6    China to Oakland, California.

7        8.     Pursuant to paragraph 13 of each Contract, the Petitioner and the Respondent agreed

8    to submit all disputes with respect to the Contracts to arbitration in the City of Beijing, China.

9    Paragraph 13 of each Contract provides:

10                All disputes arising from the execution of, or in connection with this

11                Contract, shall be settled amicably through negotiation. In case no
settlement can be reached through negotiation the case shall then be

12                submitted to the Foreign Economic and Trade Arbitration Commission
of the China Council for the Promotion of International Trade, Beijing,

13                for arbitration in accordance with its provisional rules of procedure.
The arbitrator's decision is final and binding upon both parties.

14        9.     During the period from January 2005 to August 2005, the following dispute arose out

15    of the Contracts: Petitioner delivered the Goods to Respondent according to the Contracts.

16    Respondent failed to pay for the Goods, although it was obligated to do so pursuant to the Contracts.

17    The price required to be paid under the Contracts for the delivered Goods was $315,579.07 in U.S.

18    Dollars.

19        10.    Pursuant to the Contracts, on November 10, 2006, Petitioner commenced an

20    arbitration (the "Arbitration") with the China International Economic and Trade Arbitration

21    Commission (the "Arbitration Commission"), formerly known as the Foreign Economic and Trade

22    Arbitration Commission of the China Council for the Promotion of International Trade. On January

23    10, 2007, the Arbitration Commission sent notice of the Arbitration to Respondent by express mail.

24    Petitioner and Respondent thereupon proceeded to arbitration in accordance with the terms of the

25    Contracts. A description of the arbitration proceedings is contained in the Arbitration Award, an

26    authenticated original and certified English translation of which is attached hereto as **Exhibit B**.

27        11.    After holding hearings in Beijing and considering all the arguments and evidence

28    presented by both the Petitioner and the Respondent, the Arbitration Commission entered the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    Arbitration Award in favor of the Petitioner and against the Respondent in the amount of (i)

2    $315,597.07 due for the Goods delivered by Petitioner under the Contracts, (ii) RMB 89,936 yuan in

3    costs incurred by the Petitioner in the Arbitration, and (iii) interest at the annual rate of six percent

4    (6%), commencing September 9, 2007, until paid.

5          WHEREFORE, Petitioner requests:

6          1.    That an order confirming the Arbitration Award as against Respondent, be made;

7          2.    That a judgment be entered in conformity therewith;

8          3.    That Petitioner be allowed its costs incurred here; and

9          4.    That Petitioner be awarded such other and further relief as may be proper.

10   Dated:    May 6, 2008              PACHULSKI STANG ZIEHL & JONES LLP

11

12                              By    /s/ Pamela E. Singer
                                      Pamela E. Singer (CA Bar No. 224758)
13                                    Attorneys for Petitioner

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# Exhibit A

(FEPA0057)

CO., LTD.
25.SHENMO ROAD,QIUAI TOWN,
NINGBO CHINA
POSTCODE:315101
买方
Buyer:
EAGLE BAG CORPORATION
700 A. INDEPENDENT ROAD,OAKLAND,CA 94621

Date:    1st.AUG2005
传真号
Fax No:  86-574-88419692
订单号
Order
Indent  No.: PP050703002

经双方确认订立本合同，其体条款如下(This Sales
Contract is hereby mutually confirmed, terms and conditions as
follows)

购货人 For account of:
EAGLE BAG CORPORATION

| 1. 品名及规格<br>Name of Goods and Specifications | 2. 数量<br>Quantity | 3. 价格条件<br>Price Term: | FOB SHENZHEN | |
|---|---|---|---|---|
| | | 4. 单价<br>Unit Price | 5. 金额<br>Amount | |
| PP WOVEN CLOTH WITH UV1‰<br>810   11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>WIDTH:24 1/2   84G~86G/yard | Yard<br><br>200,000yard | USD/yard<br><br>@USD0.11997<br>(USD1395/MT) | FOB SHENZHEN<br><br>USD23994.00 | |
| PP WOVEN CLOTH WITH UV1‰<br>810   11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>WIDTH:23 1/2   81G~83G/yard | 200,000yard | USD0.115785 | USD23157.00 | |

6.包装    PACKIN IN:2500YARD PER ROLL FOR PP    400,000YAR    合计    USD47151.00
Packing:    WOVEN CLOTH.    DS    Total:

7.装运条款：在    期间从中国口岸运签    允许分批和转运
Shipment:    To be made 200000YARDS WILL SHIP ON SEP 25TH, 2005 ,OTHER PARTIAL SHIPMENT from China port to
OAKLAND,CA,USA with partial shipments and transshipment to be allowed.

8.保    险：由买方自理.
Insurance:    To be effected by the buyer.

9. 付款条件：    BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L
Payment:

10. 装船标记：
Shipping Marks:  UP TO SELLER'S OPTION

11. 凡属商品品质异议，买方须于货到的埠后 15 天内向卖出；凡属商品数量异议，买方须于货到的埠后 15 天内向
卖方提出。惟须卖方同于保险公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization, or post office are to be liable for.

12. 因因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生或同本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交中
国上海国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双
方都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final, and binding upon both parties.

卖方:
Seller:    宁波永峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO., LTD.

买方:
Buyer:

石永峰

8-1-05

18/03 2005 07:37 FAX 0038 574 88419692    NB YONGFENG PACKAGING CO    ☒001

卖 方
Seller:
NINGBO YONGFENG PACKAGING
CO.,LTD.
23,SHENMO... ROAD,QIUAI TOWN,
NINGBO CHINA
POSTCODE:315101

买 方
Buyer:
EAGLE BAG CORPORATION
700 A INDEPENDENT ROAD,OAKLAND,CA 94621

售 货 合 同
SALES CONTRACT

合同号：
Contract No.: YFEB05008
日 期
Date: 18ᵀᴴMAR.2005
传 真 号
Fax No: 86-574-88419692
订 单 号
Order
Indent No.: PP05030704

两货人 For account of:
EAGLE BAG CORPORATION

经双方确认订立本合同，具体条款如下 (This Sales Contract is hereby mutually confirmed, terms and conditions as follows)

| 1. 品 名 及 规 格 Name of Goods and Specifications | 2. 数 量 Quantity | 3. 价 格 条 件 Price Term: FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单 价 Unit Price USD/PC | 5. 金 额 Amount FOB SHENZHEN |
| PP WOVEN BAGS, WITH UV1% 8IOD, 11X10/SQ.INCH HEMTOP SINGLE FOLDED BOTTOM WELL STITCHED WHITE COLOR SIZE:22.5"X45" 90G----930/PC | PCS 200,000 | @0.137175 (USD1475/MT) | USD27435.00 |
| PP WOVEN BAGS, WITH UV1% 8IOD, 11X10/SQ.INCH HEMTOP SINGLE FOLDED BOTTOM WELL STITCHED WHITE COLOR SIZE:24.5"X40" 98G----101G/PC | 200,000 | @0.148975 (USD1475/MT) | USD29795.00 |
| 6.包装 Packing: FLAT PACKED 1000 PCS PER BALE. | 400,000 | 合 计 Total | USD57230.00 |

7.装运条款： 在 _____ 期间从中国口岸运至 _____ 允许分批和转运

Shipment: To be made FROM 31TH.JUN 2005 UNTIL31ᵀᴴJUL 2005 PARTIAL SHIPMENT from China port to OAKLAND,CA USA with partial shipments and transshipment to be allowed

8.保 险： 由买方自理。
Insurance: To be effected by the buyer.

9. 付款条件： BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L.
Payment:

10. 唛头标 志。
Shipping Marks: UP TO SELLER'S OPTION

11. 凡属商品品质异议，买方须于货到目的地后 30 天内商实定提出，凡属两只数量异议，买方须于发到目的地的地后 15 天内商实方定出。 通过对此属于保险公司、轮船公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing, to causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this contract in consequence of any Force Majeure incidents.

13. 凡属执行本合同所发生的或与本合同有关的一切争执，应由双方通过友好协商解决，如果协商不能解决，应提交中国国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁规则进行仲裁。 仲裁决定是终局的，对双方都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade Arbitration Commission of The China Council for The Promotion of International Trade, Beijing, for arbitration in accordance with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方
Seller:
宁波水峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO.,LTD

买方
Buyer:

3-17-05

售 货 合 同
**SALES CONTRACT**

| 卖 方<br>Seller:<br>NINGBO YONGFENG PACKAGING<br>CO.,LTD.<br>25,SHENMO ROAD,QIAU TOWN,<br>NINGBO CHINA<br>POSTCODE:315101 | 合同号:<br>Contract No: YF6805009<br>日 期<br>Date: 23TH.MAR.2005<br>传 真 号<br>Fax No: 86-574-88419692 |
| 买 方<br>Buyer:<br>EAGLE BAG CORPORATION<br>700 A INDEPENDENT ROAD,OAKLAND,CA 94621 | 订 单 号<br>Order<br>Index No.: PP050301102 |

经双方确认订立本合同，具体条款如下(This Sale
Contract is hereby mutually confirmed, terms and conditions as
follows)

购货人 For account of:
EAGLE BAG CORPORATION

| 1. 品 名 及 规 格<br>Name of Goods and Specifications | 2. 数 量<br>Quantity | 3. 价 格 条 件<br>Price Term: FOB SHENZHEN | |
| --- | --- | --- | --- |
| | | 4. 单 价<br>Unit Price | 5. 金 额<br>Amount |
| | YARDS | USD/YARD | FOB SHENZHEN |
| PP WOVEN CLOTH, WITH UV1%<br>8100D, 11X10/SQ.INCH<br>WHITE COLOR<br>WIDTH:26.5INCH<br>WEIGHT:91G---92G/YARD | 300,000 | @0.133455<br>(1435/MT) | USD40036.50 |
| PP WOVEN CLOTH, WITH UV1%<br>8100D, 11X10/SQ.INCH<br>WHITE COLOR<br>WIDTH:24.5INCH<br>WEIGHT:84G---86G/YARD | 300,000 | @0.12341<br>(1435/MT) | USD37023.00 |
| 6.包装<br>Packing: PACKED 2000 PCS PER ROLL | 600,000 | 合 计<br>Total | USD77059.50 |

7.装运条款: 在 _____ 期间从中国口岸运至 _____ 允许分批和转
运
　Shipment: To be made BEFORE/ON 20TH JULY 2005 PARTIAL SHIPMENT from China port to OAKLAND,CA USA with
　partial shipments and transshipment to be allowed.

8.保 险: 由买方自理。
　Insurance: To be effected by the buyer.

9. 付款条件:
　Payment: BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装 船 标 记:
　Shipping Marks: UP TO SELLER'S OPTION

11、凡属买方品质异议，买方须于货到目的地后 30 天内向卖方提出；凡属其品数量异议，买方须于货到目的地后 15 天内
　向卖方提出。进只限双方于保险公司、轮船公司、其他运输机构或邮局机构所负的责任。
　Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
　quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
　mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
　causes for which the insurance company, shipping company, other transportation organizations or post office are to be liable for.

12、如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
　The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
　contract in consequence of any Force Majeure incidents.

13、凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交
　中国国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双方
　都有约束力。
　All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
　case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
　Arbitration Commission of The China Council for The Promotion of International Trade, Beijing, for arbitration

08/05 2005 08:43 FAX 0086 574 88419692    NB YONGFENG PACKAGING CO    @001

卖方                          售货合同                       合同号:
Seller:                   **SALES CONTRACT**              Contract No.: YFEB05013
NINGBO YONGFENG PACKAGING                                 日期
CO.,LTD.                                                  Date: 6TH MAY, 2005
25,SHENMO  ROAD,QIUAI  TOWN,
NINGBO CHINA                                              传真号
POSTCODE:315101                                           Fax No: 86-574-88419692
买方                                                       订单号
Buyer:                                                    Order
EAGLE BAG CORPORATION                                     Indent  No.: PP05050505
700 A INDEPENDENT ROAD,OAKLAND,CA 94621

经双方确认订立本合同，具体条款如下(This Sales        购货人 For account of:
Contract is hereby mutually confirmed, terms and conditions as   EAGLE BAG CORPORATION
follows)

| 1. 品 名 及 规 格 Name of Goods and Specifications | 2. 数 量 Quantity | 3. 价 格 条 件 Price Term: FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单 价 Unit Price | 5. 金 额 Amount |
| PP WOVEN CLOTH, WITH 1%UV 1200D;...;12X11 1/SQ.INCH COLOUR:MILK WHITE WIDTH:22 1/8---22 7/8 " 120G---123G/yard | Yard 1,000,000yard | USD/yard @0.180195... (USD14663MEP)... | FOB NINGBO USD 180195.00 |

6.包装                                                | 1,000,000YA | 合 计 | USD180195.00 |
Packing:  .PACKIN IN 1000YARD PER ROLL FOR PP          | RDS        | Total |             |
WOVEN CLOTH

7.装运条款:    在_____期间从中国口岸运至_____允许分批和转运
Shipment:  · To be made 10TH JUL. 2005 PARTIAL  SHIPMENT___ from China port to OAKLAND,CA USA with partial
shipments and transshipment to be allowed.

8.保    险:    由买方自理.
Insurance:    To be effected by the buyer.

9. 付款条件:
Payment:    BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装船标记:
Shipping Marks:  UP TO SELLER'S OPTION

11. 凡属商品品质异议，买方须于货到目的地后30天内向买方提出；凡属商品数量异议，买方须于货到目的地后15天内
向买方提出。是须异议属于保险公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡属执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交
中国国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双方
都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方:        宁波永峰包装用品有限公司                      买方:
Seller:                                                 Buyer:
                                                                    5-5-05

售 货 合 同
**SALES CONTRACT**

| | |
|---|---|
| 卖 方 | 合同号: |
| Seller: | Contract No.: YFFD05020 |
| NINGBO YONGFENG PACKAGING | 日 期 |
| CO.,LTD. | Date: 12TH.MAY.2005 |
| 25SHENMO ROAD,QIUAI TOWN, | 传 真 号 |
| NINGBO CHINA | Fax No: 86-574-88419692 |
| POSTCODE:315101 | 订 单 号 |
| 卖 方 | Order |
| Buyer: | Indent No.: PP050501102 |
| EAGLE BAG CORPORATION | |
| 700 A INDEPENDENT ROAD,OAKLAND,CA 94621 | |

购货方 For account of:
EAGLE BAG CORPORATION

经双方确认订立本合同，具体条款如下 (This Sales
Contract is hereby mutually confirmed, terms and conditions as
follows)

| 1. 品 名 及 规 格<br>Name of Goods and Specifications | 2. 数 量<br>Quantity | 3. 价 格 条 件<br>Price Term: FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单 价<br>Unit Price | 5. 金 额<br>Amount |
| PP WOVEN CLOTH,WITH 1%UV<br>810D, 11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>WIDTH:23.5"810---83G/yard | Yard<br>300,000yard | USD/yard<br>@USD0.119105<br>(USD1435/MT) | FOB SHENZHEN<br>USD35731.50 |
| 6.包装<br>Packing: ,PACKIN IN 2500YARD PER ROLL FOR PP<br>WOVEN CLOTH | 300,000YAR<br>DS | 合 计<br>Total | USD35731.50 |

7.发运条款: 在 _____ 期间从中国口岸运至 _____ 允许分批和转
运
Shipment: To be made FIRST SHIPMENT:31TH.MAY.2005 OTHER PARTIAL SHIPMENT from China port to
OAKLAND,CA,USA with partial shipments and transshipment to be allowed.

8.保 险: 由买方自理
Insurance: To be effected by the buyer.

9. 付款条件:
Payment: BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装运标记:
Shipping Marks: UP TO SELLER'S OPTION

11. 凡因商品质量异议，买方须于货到目的地后 30 天内向卖方提出，凡属商品数量异议，买方须于货到目的地后 15 天内
向卖方提出。是项异议属于保险公司、轮船公司，其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of the goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing, to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，买方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交
中国国际贸易促进委员会对外经济贸易仲裁委员会仲裁按照申请时该会现行仲裁程序进行仲裁。仲裁裁决是终局的，对双方
都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

| | |
|---|---|
| 卖方: | 买方: |
| Seller: **宁波永峰包装用品有限公司** | Buyer: |
| NINGBO YONGFENG PACKAGING CO.,LTD | |

*[signature]*

卖　方　　　　　　　　售 货 合 同　　　　　合 同 号：
Seller:　　　　　　　SALES CONTRACT　　　Contract No： YFEB05021
NINGBO　YONGFENG　ORIENT　　　　　　　日　　期
TRADING CO., LTD.　　　　　　　　　　　Date:　24ᵀᴴ.MAY.2005
25.SHENMO　ROAD,QIUAI TOWN,　　　　　传 真 号
NINGBO CHINA　　　　　　　　　　　　　Fax No:　86-574-88419692
POSTCODE:315101　　　　　　　　　　　订 单 号
买　方　　　　　　　　　　　　　　　　Order
Buyer:　　　　　　　　　　　　　　　　Indent No.: PP050502101
EAGLE BAG CORPORATION
706 A INDEPENDENT ROAD,OAKLAND,CA 94621

经双方确认订立本合同，具体条款如下(This Sales　　购货人 For account of:
Contract is hereby mutually confirmed, terms and conditions as　EAGLE BAG CORPORATION
follows)

| 1. 品 名 及 规 格 Name of Goods and Specifications | 2. 数 量 Quantity | 3 价 格 条 件 Price Term: FOB SHENZHEN | |
| --- | --- | --- | --- |
| | | 4. 单 价 Unit Price | 5 金 额 Amount |
| PP WOVEN CLOTH WITH UV1% ·810D、 11X10/SQ.INCH COLOUR:MILK WHITE WIDTH:20 1/2···20 7/8 "··65G···71G/yard | Yard 150,000yard | USD/yard @USD0.094785 (USD1335/MT) | FOB SHENZHEN USD14217.75 |
| 包装 Packing .PACKIN IN 2000YARD PER ROLL. FOR PP WOVEN CLOTH | 150,000YAR DS | 合 计 Total | USD14217.75 |

装运条件：在_____期间从中国口岸运至　　　　　　　　　　　　允许分批和转运
Shipment.　To be made AUG.1ˢᵀ,2005 from China port to OAKLAND,CA USA with partial shipments and transshipment to be
allowed.

保　险：由买方自理。　　→ 与 发货协调
Insurance:　To be effected by the buyer.

付款条件：　BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L
Payment:

装 货 标 记：
Shipping Marks: UP TO SELLER'S OPTION

1 凡属商品品质异议，买方须于货到目的港后 30 天内向卖方提出；凡属商品数量异议，买方须于货到目的地港后 15 天内向
买方提出。是项异议属于保险公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination. and
quantity discrepancy; if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

2 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

3 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决。如果协商仍不能解决，应提交中
国国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双方都
有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China International Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方：宁波永峰包装用品有限公司　　　　买方：
Seller:　　　　　　　　　　　　　　　　Buyer:
NINGBO YONGFENG PACKAGING CO.,LTD

5-24-05

Seller:
**NINGBO YONGFENG ORIENT TRADING CO., LTD.**
**25,SHENMO ROAD,QIUAI TOWN,**
**NINGBO CHINA**
**POSTCODE:315101**

买方
Buyer:
**EAGLE BAG CORPORATION**
**700 A INDEPENDENT ROAD,OAKLAND,CA 94621**

## SALES CONTRACT

合同号 Contract No.: YFEB05022
日期 Date: 7TH JUN,2005
传真号 Fax No': 86-574-83419692
订单号 Order Indent No.: PP050503102

经双方确认订立本合同，其体条款如下 (This Sales Contract is hereby mutually confirmed, terms and conditions as follows)

购货人 For account of:
**EAGLE BAG CORPORATION**

| 1. 品名及规格<br>Name of Goods and Specifications | 2. 数量<br>Quantity | 3. 价格条件  FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单价<br>Price Term:  Unit Price<br>USD/yard | 5. 金额<br>Amount<br>FOB SHENZHEN |
| PP WOVEN CLOTH WITH UV1%<br>810D, 11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>WIDTH:22 1/2---22 7/8 ''''78G---81G/yard | Yard<br><br>200,000yard | @USD0.106515<br>(USD1315/MT) | USD21303.00 |
| 6 包装<br>Packing: .PACKIN IN 2500YARD PER ROLL FOR PP<br>WOVEN CLOTH | 200,000YAR<br>DS | 合计<br>Total | USD21303.00 |

7.装运条款: 运　　　　　　期间从中国口岸运至　　　　　　　　　　　　无评分批和转运
Shipment:  To be made B.D. 10TH, 2005 from China port to OAKLAND,CA,USA with partial shipments and transshipment to be allowed.

8.保　证: 由买方自理.
Insurance:  To be effected by the buyer.

9 付款条件:
Payment::  BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L.

10 装　船　标　记:  UP TO SELLER'S OPTION
Shipping Marks:  UP TO SELLER'S OPTION

11. 凡属商品品质异议，买方须于货到目的港后 30 天内向我方提出；凡属到岸数量异议，买方须于货到目的港后 15 天内向我方提出。危险责任误不属保险公司、轮船公司、其他运输机构或邮电机构负责的，买方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交中国国际贸易促进委员会对外经济贸易仲裁委员会根据该会现仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双方都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方:
Seller:
**宁波永峰包装用品有限公司**
**NINGBO YONGFENG PACKAGING CO.,LTD.**

买方:
Buyer:

6-7-05

Seller:
SINGBO YONGFENG ORIENT
TRADING CO．，LTD．
25,SHENMO ROAD,QIUAI TOWN,
NINGBO CHINA
POSTCODE:315101

买方
Buyer:
EAGLE BAG CORPORATION
700 A INDEPENDENT ROAD, OAKLAND, CA 94621

售货合同
**SALES CONTRACT**

合同号码
Contract No：1 FEB05024
日　期
Date: 22ᵀᴴ JUN,2005
传真号
Fax No: 86-574-88419692
订单号
Order
Indent No.: PP050602101

兹双方确认订立本合同，具体条款如下（This Sales
Contract is hereby mutually confirmed, terms and conditions as
follows)

购货人 For account of:
EAGLE BAG CORPORATION

| 1. 品 名 及 规 格<br>Name of Goods and Specifications | 2. 数 量<br>Quantity | 3. 价 格 条 件　FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单 价<br>Unit Price | 5 金 额<br>Amount |
| | Yard | USD/yard | FOB SHENZHEN |
| PP WOVEN CLOTH WITH UV1%<br>930D， 11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>WIDTH:23 1/4---23 3/4 ""95G---98G/yard | 300，000yard | @USD0.13377<br>(USD1365/MT) | USD40131.00 |
| 6 包装<br>Packing:　　PACKIN IN 2500YARD PER ROLL FOR PP<br>WOVEN CLOTH | 300,000YAR<br>DS | 合 计<br>Total | USD40131.00 |

7.装运条款: 在＿＿＿＿＿＿＿＿＿期间从中国口岸运至＿＿＿＿＿＿＿＿＿＿＿允许分批和转运
Shipment:   To be made JUL 15ᵀᴴ, 2005 PARTIALSHIPMENT from China port to OAKLAND,CA,USA with partial shipments
and transhipment to be allowed.

8 保　险: 由买方自理。
Insurance:  To be effected by the buyer.

9. 付款条件:
Payment:  BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装船标记: UP TO SELLER'S OPTION
Shipping Marks:  UP TO SELLER'S OPTION

11. 凡属商品品质异议，买方须于货到目的地后30天内向卖方提出；凡属商品数量异议，买方须于货到目的地后15天内向
卖方提出。且须凭双方同意之公证公司、检测公司、其他运输机构或邮电机构之证明，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, und
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy-(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交中
国国际贸易促进委员会对外经济贸易仲裁委员会进行该会的仲裁规程暂行规则进行仲裁。仲裁裁决是终局的，对双方都
有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方：
Seller:　宁波水峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO LTD

买方：
Buyer:

*[signature]*
6-22-05

*[signature]*

卖　方　
Seller:
NINGBO YONGFENG ORIENT
TRADING CO., LTD.
25,SHENMO ROAD,QIUAI TOWN.
NINGBO CHINA
POSTCODE:315191

买　方　
Buyer:
EAGLE BAG CORPORATION
700 A INDEPENDENT ROAD,OAKLAND,CA 94621

售货合同
SALES CONTRACT

合同号：
Contract No.: YFEB05025
日　期　
Date:    22ᵀᴴ JUN.2005
传真号　
Fax No:   86-574-88419692
订单号　
Order
Indent No.: PP050602102

经双方确认订立本合同，具体条款如下（This Sales
Contract is hereby mutually confirmed, terms and conditions as
follows）

购货人 For account of:
EAGLE BAG CORPORATION

| 1. 品名及规格．<br>Name of Goods and Specifications | 2. 数量<br>Quantity | 3. 价格条件．Price Term:<br>FOB SHENZHEN<br>4. 单价<br>Unit Price<br>USD/yard | 5. 金额<br>Amount<br>FOB SHENZHEN |
|---|---|---|---|
| PP WOVEN CLOTH WITH UV1%<br>950D,  11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>WIDTH:28 1/2" 111G---112G/yard | Yard<br>50,000yard | @USD0.154245<br>(USD1365/MT) | USD7712.25 |
| WIDTH:30 1/2" 120G-122G/YARD | 50,000yard | @USD0.16653<br>(USD1365/MT) | USD8326.50 |

6.包装　
Packing:   PACKIN IN 2500YARD PER ROLL. FOR PP
WOVEN CLOTH

100,000YAR
DS

合计
Total

USD16038.75

7.装运条款：在　　　　　　　　期间从中国口岸运至　　　　　　　　　　　　　　允许分批和转运
Shipment:   To be made JUL.30ᵀᴴ, 2005.PARTIAL SHIPMENT from China port to OAKLAND,CA,USA with partial shipments
and transshipment to be allowed

8.保　险：　由买方自理。
Insurance:   To be effected by the buyer.

9. 付款条件：
Payment::   BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装船标记：
Shipping Marks:   UP TO SELLER'S OPTION

11. 凡属商品质量异议，买方须于货到目的地后 30 天内向卖方提出；凡属商品数量异议，买方须于货到目的地后 15 天内向
卖方提出。是项异议属于保险公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
equally understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交中
国国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双方都
有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方：
Seller:
宁波永峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO LTD

买方：
Buyer:

6-22-05

卖方
Seller:
NINGBO YONGFENG PACKAGING
CO., LTD.
25,SHENMO ROAD,QIUAI TOWN,
NINGBO CHINA
POSTCODE:315103

买方
Buyer:
EAGLE BAG CORPORATION
700 A.INDEPENDENT ROAD,OAKLAND,CA 94621

# 售 货 合 同
# SALES CONTRACT

合同号：
Contract No. : YFEB05028
日 期
Date: 1st AUG 2005
传真号
Fax No : 86-574-88419692
订单号
Order
Indent   No.: PP050703001

经双方确认订立本合同，具体条款如下（This Sales
Contract is hereby mutually confirmed, terms and conditions as
follows)

购货人 For account of:
EAGLE BAG CORPORATION

| 1. 品名及规格<br>Name of Goods and Specifications | 2. 数量<br>Quantity | 3. 价格条件<br>Price Term:<br>FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单价<br>Unit Price | 5. 金额<br>Amount |
| | PCS | USD/PC | FOB SHENZHEN |
| PP WOVEN BAG WITH UV1%<br>810   11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>24.5X36"   89G~91G/yard | 200,000PCS | @USD0.130585<br>(USD1435/MT) | USD26117.00 |
| PP WOVEN BAG WITH UV1%<br>810   11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>23.5X40"   94G~96G/yard | 150,000PCS | USD0.13776<br>(USD1435/MT) | USD20664.00 |
| 6.包装<br>Packing:    PACKIN IN 1000PCS PER BALE FOR PP<br>WOVEN BAG | 350,000PCS | 合 计<br>Total | USD46781.00 |

7.装运条款：在＿＿＿＿＿＿＿＿期间从中国口岸运至＿＿＿＿＿＿＿＿＿＿＿＿允许分批和转运
Shipment:    To be made FIRST SHIPPMENT ON SEP 30TH, 2005 ,OTHER PARTIALSHIPMENT  from  China port  to
OAKLAND,CA USA with partial shipments and transhipment to be allowed.

8.保  险：由买方自理。
Insurance:    To be effected by the buyer.

9. 付款条件：
Payment:    BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装船标记：
Shipping Marks:   UP TO SELLER'S OPTION

11. 凡属商品品质异议，买方须于货到目的地后 15 天内向卖方提出；凡属商品数量异议，买方须于货到目的地后 15 天内向
卖方提出。是项异议须属于保险公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be hold responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交中
国上海国际贸易促进委员会对外经济贸易仲裁委员会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双
方都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方：
Seller:   宁波永峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO., LTD.

买方：
Buyer:

8-1-05

# SALES CONTRACT

Seller: 卖方  
NINGBO YONGFENG PACKAGING CO., LTD.  
25,SHENMO ROAD,QIUAI TOWN,  
NINGBO CHINA  
POSTCODE:315101

买方  
Buyer:  
EAGLE BAG CORPORATION  
700 A INDEPENDENT ROAD,OAKLAND,CA 94621

Contract No: YFEB05029  
日 期  
Date:    22ri.AUG.2005  
传 真 号  
Fax No:   86-574-88419692  
订 单 号  
Order  
Indent  No.: PP050N01901

经双方确认订立本合同，具体条款如下(This Sales  
Contract is hereby mutually confirmed, terms and conditions as  
follows)

购货方 For account of:  
EAGLE BAG CORPORATION

| 1. 品 名 及 规 格<br>Name of Goods and Specifications | 2. 数 量<br>Quantity | 3. 价 格 条 件<br>Price Terms    FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单 价<br>Unit Price | 5. 金 额<br>Amount |
| | YARD | USD/YARD | FOB SHENZHEN |
| PP WOVEN CLOTH WITH UV1%<br>810   11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>23 1/2"    81G—83G/yard | 400,000YARD | @USD0.119105<br>(USD1435/MT) | USD47642.00 |
| PP WOVEN CLOTH WITH UV1%<br>850   10X10/SQ.INCH<br>COLOUR:MILK WHITE<br>21 1/2"    72G—74G/yard | 400,000YARD | USD0.10619<br>(USD1435/MT) | USD42476.00 |
| PP WOVEN CLOTH WITH UV1%<br>810   11X10/SQ.INCH<br>COLOUR:MILK WHITE<br>20 1/2"    70G—72G/yard | 200,000YARD | USD0.10332<br>(USD1435/MT) | USD20664.00 |
| 6.包装<br>Packing:   PACKIN IN 2500YARD PER ROLL FOR PP<br>WOVEN CLOTH | 1,000,000YA<br>RDS | 合 计<br>Total | USD110782.00 |

7.装运条款: 在_____期间从中国口岸运至_____允许分批和转运  
Shipment:    To be made FIRST SHIPPMENT ON OCT 10TH, 2005 ,OTHER PARTIAL SHIPMENT from China port to  
OAKLAND ,CA.,USA with partial shipments and transshipment to be allowed.

8.保  险: 由买方自理。  
Insurance:   To be effected by the buyer.

9. 付款条件：  
Payment:    BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 唛头标 记。  
Shipping Marks:  UP TO SELLER'S OPTION

11. 凡属商品质异状，买方须于货到目的港后 15 天内向卖方提出；凡属商品数量异状，买方于货到目的港的 15 天内向  
卖方提出。是凡牵设属于保险公司、轮船公司、其他运输机构或邮电机构负责的，买方不承担任何责任。  
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and  
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is  
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to,  
cause for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒因素，以至不能全部或部分执行本合同时，卖方不负责任。  
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this  
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商仍不能解决时，应提交中  
国上海国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的，对双  
方都有约束力。  
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In  
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade  
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance  
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

买方:  
Seller: 宁波永峰包装用品有限公司  
NINGBO YONGFENG PACKAGING CO., LTD.

买方:  
Buyer:

8/22/05

卖 方：
Seller:
NINGBO YONGFENG PACKAGING
CO., LTD.
25,SHENMO ROAD,QIUAI TOWN,
NINGBO CHINA
POSTCODE:315101

买 方：
Buyer:
EAGLE BAG CORPORATION
700 A INDEPENDENT ROAD,OAKLAND,CA 94621

销 货 合 同
SALES CONTRACT

Contract No: YFBB05030
日　期
Date:    23th.AUG.2005
传 真 号
Fax  No:  86-574-88419692
订 单 号
Order
Indent  No.: PP050802202

经双方确认订立本合同，具体条款如下（This Sales
Contract is hereby mutually confirmed, terms and conditions as
follows)

购货人 For account of:
EAGLE BAG CORPORATION

| 1. 品 名 及 规 格<br>Name of Goods and Specifications | 2. 数 量<br>Quantity | 3. 价 格 条 件<br>Price Term:    FOB SHENZHEN |  |
|---|---|---|---|
|  |  | 4. 单 价<br>Unit Price | 5. 金 额<br>Amount |
| PP WOVEN BAG WITH UV1% 950 · 10X10/SQ.INCH COLOUR:MILK WHITE 31.5X45" 150G—152G/PC | PCS 40,000PCS | USD/PC @USD0.22724 ……（……） | FOB SHENZHEN USD9,089.60 |
| 6.包装<br>Packing:    PACKIN IN 1000PCS PER BALE FOR PP WOVEN BAG | 40,000PCS | 合 计<br>Total | USD9,089.60 |

7.装运条款：在 _____ 期间从中国口岸运至 _____ 允许分批和转运

Shipment:    To be made, SHIPPMENT ON OCT 25TH, 2005 from China port to OAKLAND ,CA.USA with partial shipments
and transshipment to be allowed.

8.保　险：由买方自理
Insurance:    To be effected by the buyer

9. 付款条件：
Payment:    BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装 船 标 志：
Shipping Marks:    UP TO SELLER'S OPTION

11. 凡属商品质量异议，买方须于货到的港后 15 天内向卖方提出；凡属商品数量异议，买方须于货到目的港后 15 天内向
卖方提出。是项异议应由于保险公司、轮船公司、其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商不能解决时，应提交中华人民
国上海国际贸易促进贸易委员会对外经济贸易仲裁委员会根据该会的仲裁规则而进行仲裁。仲裁裁决是终局的，对双
方都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Peijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方：
Seller:

宁波永峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO., LTD.

石郎丰

买方：
Buyer:

8/24/05

卖 方
Seller:
NINGBO YONGFENG PACKAGING
CO., LTD.
25,SHIMO ROAD,QIGAI TOWN,
NINGBO CHINA
POSTCODE:315101

买 方
Buyer:
EAGLE BAG CORPORATION
760 A INDEPENDENT ROAD,OAKLAND,CA 94621

售 货 合 同
**SALES CONTRACT**

合 同 号
Contract No.: YFEB05031
日 期
Date: 24th. AUG2005
传 真 号
Fax No.: 86-574-88419692
订 单 号
Order
Indent No.: PP050907301

经双方确认订立本合同，其条款如下(This Sales
Contract is hereby mutually confirmed, terms and conditions as
follow)

抬头人 For account of:
EAGLE BAG CORPORATION

| 1. 品 名 及 规 格<br>Name of Goods and Specifications | 2. 数 量<br>Quantity | 3. 价 格 条 件<br>Price Terms FOB SHENZHEN | |
|---|---|---|---|
| | | 4. 单 价<br>Unit Price | 5. 金 额<br>Amount |
| PP WOVEN CLOTH<br>$10  11X10/SQ.INCH<br>COLOUR: TRANSPARENCE<br>18.5"  13G-65G/PC | PCS<br>250,000PCS | USD/PC<br>@USD0.091<br>(USD1400/MT) | FOB SHENZHEN<br>USD22750.00 |
| | | | |
| 6.包装<br>Packing  PACKIN IN 2500YARD PER ROLL FOR PP<br>WOVEN CLOTH | 250,000PCS | 合 计<br>Total | USD22750.00 |

7.装运条款：在                期间从中国口岸运至                                    允许分批和转运
Shipment:  To be made  SHIPMENT ON OCT 30TH, 2005 from CNina port to OAKLAND ,CA USA with partial shipments
and transshipment to be allowed.

8.保 险：  由买方自理
Insurance:  To be affected by the buyer.

9. 付款条件：
Payment:  BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装 船 标 记：
Shipping Marks:  UP TO SELLER'S OPTION

11.  凡因买卖品质问题，买方须于货到目的地后15天内向卖方提出；凡因品质数量异议，买方须于货到的港后15天内向
卖方提出，是项异议应属于保险公司，轮船公司，其他运输机构或邮电机构负责的，卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12.  如因人力不可抗拒原因，以致不能全部或部分履行本合同时，卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
Contract in consequence of any Force Majeure incidents.

13.  凡因执行本合同所发生或与本合同有关的一切争议，应由双方通过友好协商解决；如果协商不能解决时，应提交中
国上海国际贸易促进委员会对外经济贸易仲裁委员会按该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的；对双
方都有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case an settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
Twith its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方：
Seller:
宁波永峰包装用品有限公司
NINGBO YONGFENG PACKAGING CO., LTD.

[signature]

买方：
Buyers:

[signature]

8/23/08

卖方                   售货合同                    合同号:
Seller:               SALES CONTRACT            Contract No: YFBB05033
NINGBO YONGFENG PACKAGING                       日    期
CO., LTD.                                        Date: 29th.AUG.2005
15,SHENMO ROAD,QUAI TOWN,
NINGBO CHINA                                     传真号
POSTCODE:315101                                  Fax No:  86-574-88419692

买方                                             订单号
Buyer:                                           Order
EAGLE BAG CORPORATION                            Indent  No.: PP050802701
700 A INDEPENDENT ROAD,OAKLAND,CA 94621

经双方确认订立本合同,具体条款如下(This Sales    购货人 For account of:
Contract is hereby mutually confirmed, terms and conditions as    EAGLE BAG CORPORATION
follows)

| 1. 品 名 及 规 格 | 2. 数 量 | 3. 价 格 条 件 | |
| Name of Goods and Specifications | Quantity | Price Term: | FOB SHENZHEN |
| | | 4. 单 价 | 5. 金 额 |
| | | Unit Price | Amount |
| PP WOVEN CLOTH WITH 154UV | YARDS | USD/YARD | FOB SHENZHEN |
| 810   11X10/SQ.INCH | 250,000YARDS | @USD0.0944 | USD23600.00 |
| COLOUR: WHITE | | (USD1475T) | |
| 18.5"   620--61G/YARD | | | |
| 6.包装 | 250,000PCS | 合 计 | USD23600.00 |
| Packing: _PACKIN IN 2500YARD PER ROLL FOR PP WOVEN CLOTH | | Total | |

7.装运条款: 在_____前间从中国口岸运至_____允许分批和转运
Shipment: To be made FIRST SHIPMENT ON OCT 1ST, 2005 FOR 50000YARD. OTHER: PARTIAL SHIPMENT from
China port to OAKLAND ,CA,USA with partial shipments and transshipment to be allowed.

8.保    险: 由买方自理,
Insurance:  To be effected by the buyer.

9. 付款条件
Payment:  BY T/T WITHIN 45DAYS AFTER THE DATE OF B/L

10. 装 船 标 记:
Shipping Marks: UP TO SELLER'S OPTION

11. 凡属商品品质异议, 买方须于货到目的港后 15 天内向卖方提出; 凡属商品数量异议, 买方须于货到目的港后 15 天内向
卖方提出。是项异议属于保险公司、轮船公司、其他运输机构或邮电机构负责的, 卖方不承担任何责任。
Quality discrepancy, if any, shall be raised by the buyer within 30 days after the arrival of goods at the port of destination, and
quantity discrepancy, if any, shall be raised by the buyer within 15 days after the arrival of goods at the port of destination. It is
mutually understood that the seller shall not assume any responsibility for any discrepancy(ies) of the goods shipped owing to
causes for which the insurance company, shipping company, other transportation organization or post office are to be liable for.

12. 如因人力不可抗拒原因, 以致不能全部或部分履行本合同时, 卖方不负责任。
The seller shall not be held responsible for failure or delay in delivery of the entire lot or a portion of the goods under this
contract in consequence of any Force Majeure incidents.

13. 凡因执行本合同所发生的或与本合同有关的一切争议, 应由双方通过友好协商解决; 如果协商也不能解决, 应提交中
国上海国际贸易促进委员会对外经济贸易仲裁委员会根据该会的仲裁程序暂行规则进行仲裁。仲裁裁决是终局的, 对双
方均有约束力。
All disputes arising from the execution of, or in connection with this Contract, shall be settled amicably through negotiation. In
case no settlement can be reached through negotiation, the case shall then be submitted to The Foreign Economic & Trade
Arbitration Commission of The China Council for The Promotion of International Trade , Beijing, for arbitration in accordance
with its provisional rules of procedure. The arbitrator's decision is final and binding upon both parties.

卖方:                                           买方:
Seller: 宁波永峰包装用品有限公司                  Buyer:
NINGBO YONGFENG PACKAGING CO. , LTD.

# Exhibit B

# 公 证 书

中华人民共和国浙江省宁波市鄞源公证处

# 中国国际经济贸易仲裁委员会

# 裁 决 书

申　请　人：宁波永峰包装用品有限公司

住　所　地：中国宁波市鄞州区邱隘盛莫路 25 号

仲裁代理人：浙江新中大律师事务所　蒋惠多律师

被 申 请 人：EAGLE BAG CORPORATION

住　所　地：700 A INDEPENDENT ROAD, OAKLAND, CA
　　　　　　94621 U.S.A

北　京

二〇〇七年八月十日

# 裁　决　书

（2007）中国贸仲京裁字第 0395 号

中国国际经济贸易仲裁委员会（原名中国国际贸易促进委员会对外贸易仲裁委员会，后名中国国际贸易促进委员会对外经济贸易仲裁委员会，现名中国国际经济贸易仲裁委员会，以下简称"仲裁委员会"）根据申请人宁波永峰包装用品有限公司（以下简称"申请人"）与被申请人 EAGLE BAG CORPORATION（以下简称"被申请人"）之间于 2005 年签订的合同编号分别为 YFEB05008、YFEB05009、YFEB05018、YFEB05020、YFEB05021、YFEB05022、YFEB05024、YFEB05025、YFEB05027、YFEB05028、YFEB05029、YFEB05030、YFEB05031、YFEB05033 号的 14 份《售货合同》（SALES CONTRACT）中的仲裁条款以及申请人于 2006 年 11 月 10 日提交的书面仲裁申请及其附件，受理了申请人和被申请人之间上述合同项下的争议仲裁案，本案编号为 G20070018 号。

本案仲裁程序适用自 2005 年 5 月 1 日起施行的《中国国际经济贸易仲裁委员会仲裁规则》（以下简称"《仲裁规则》"）。

仲裁委员会秘书局于 2007 年 1 月 10 日以特快专递的方式向申请人和被申请人分别寄送了仲裁通知、《仲裁规则》和《仲裁员名册》，并同时向被申请人寄送了申请人提交的仲裁申请书及其所附的证据材料。

1

申请人选定居住地在宁波的郑孟状先生担任本案仲裁员，由于被申请人未在指定期限内选定或委托仲裁委员会主任指定仲裁员，仲裁委员会主任根据《仲裁规则》的规定为其指定王健先生担任本案仲裁员。由于双方未在规定期限内共同选定或者共同委托仲裁委员会主任指定首席仲裁员，仲裁委员会主任根据《仲裁规则》之规定指定王承杰先生为首席仲裁员。上述三位仲裁员在签署接受指定与独立性声明函后于 2007 年 2 月 12 日组成仲裁庭，审理本案。同日，仲裁委员会秘书局以特快专递的方式向双方当事人寄送了组庭通知。

仲裁庭经商仲裁委员会秘书局，决定于 2007 年 3 月 5 日在北京开庭审理本案。2007 年 2 月 12 日，仲裁委员会秘书局以特快专递的方式向双方当事人寄送了开庭通知。

2007 年 3 月 5 日，仲裁庭如期在北京进行了庭审，申请人及其代理人到庭参加了庭审，被申请人未派人出席庭审，亦未说明理由。仲裁庭根据《仲裁规则》第三十四条的规定对本案进行了缺席审理。申请人当庭陈述了其仲裁请求及所依据的事实和理由，对其仲裁请求和证据进行了说明，回答了仲裁庭的提问。庭后，申请人于 2007 年 3 月 19 日向仲裁委员会提交了落款日期为 2007 年 3 月 5 日的"仲裁代理词"、"补充材料清单"及其附件。

2007 年 3 月 19 日，仲裁委员会秘书局将申请人于庭后提交的相关材料转给被申请人，同时以（2007）中国贸仲京字第

003160 号函告知被申请人庭审情况，并通知其如对申请人提交的相关案件材料有意见或者要求再次开庭，请其书面提出并于 2007 年 4 月 9 日之前提交至仲裁委员会。

后，被申请人向仲裁委员会提交了案情说明以及相关证据材料，但并未提出关于再次开庭的请求。2007 年 4 月 27 日，仲裁委员会秘书局将上述材料转给申请人并要求其在规定的期限内进行评议。

2007 年 5 月 16 日，申请人向仲裁委员会提交了落款日期为 2007 年 5 月 9 日的 "关于被申请人 EAGLE BAG CORPORATION 提供的材料提出书面意见" 及其附件。2007 年 5 月 17 日，仲裁委员会秘书局将上述案件材料转给被申请人。

后，双方当事人均向仲裁委员会提交了案件代理意见，仲裁委员会秘书局将案件材料在双方当事人之间进行了交换。

本案所有文件均已有效送达双方当事人。

本案现已审理终结。仲裁庭根据本案的开庭情况以及双方当事人提交的书面意见和证据材料，经合议，依法作出本裁决。

本案案情、仲裁庭意见以及裁决如下：

# 一、案　情

2005 年间，申请人和被申请人签订了合同编号分别为 YFEB05008、YFEB05009、YFEB05018、YFEB05020、YFEB05021、

YFEB05022、YFEB05024、YFEB05025、YFEB05027、YFEB05028、YFEB05029、YFEB05030、YFEB05031、YFEB05033 号的 14 份《售货合同》（SALES CONTRACT），14 份《售货合同》分别约定了每个合同所指向的货物的品名及规格、数量，同时约定了货物的价格条件、单价以及金额、包装、装运条款、保险、付款条件、装船标记、商品品质及数量异议等有关双方的权利义务条款。后因双方在履行合同的过程中产生争议，申请人根据合同中的仲裁条款提起仲裁。

申请人提出如下仲裁请求：

1、被申请人向申请人支付货款 315,597.07 美元；

2、被申请人承担本案仲裁费用。


申请人在其仲裁申请书中称：

2005 年 1 月至 8 月，申请人和被申请人共签订了 33 份货物销售合同（其中的 14 份合同未付清货款）。合同规定，申请人应出售给被申请人各种规格的编织布总量为 7,705,000 码，编织袋总数量为 3,710,000 只；合同规定了付款方式为 T/T；提出商品品质异议的期限为买方须于货到目的港后 15 天内向卖方提出。合同签订后，申请人依据合同，即投入塑料编织布和塑料袋生产。嗣后，依照合同规定先后分期分批出口供给被申请人编织布 6,054,000 码，编织袋 3,372,000 只，合计货款 1,072,039.76 美元。被申请人收货后支付货款 756,442.69 美

元，尚欠 315,597.07 美元未付。同年 11 月 1 日凌晨 2 时许，被申请人电传告知，因美国对中国进口的编织布需要配额，要申请人自 11 月 1 日后所有的编织布暂停出货，等候美国海关和外贸部的进一步消息。根据被申请人的意见，申请人暂停出货，使 135,000 码编织布和 338,000 只编织袋不能出货。至今尚有 168,800 码编织布积压仓库，计金额 21,222.80 美元。对此，申请人多次向被申请人催讨货款和要求赔偿损失，但被申请人故意长期拖欠。为了保障申请人的合法权益不受继续侵害，特申请仲裁。

庭后，申请人在其 3 月 19 日提交的仲裁代理词中称：

（一） 申请人依约交付了货物

申请人与被申请人自 2003 年以来，建立买卖编织布、编织袋业务。自 2005 年元月至同年 8 月申请人与被申请人签订了 33 份销售合同，其中涉及本案 14 份合同项下的编织袋 790,000 只，计金额 113,100.60 美元；编织布 4,550,000 码，计金额 588,959.50 美元。合同签订后，申请人根据合同分期分批将编织布、编织袋交付给被申请人。其中，被申请人未付货款的编织布为 1,952,000 码，编织袋为 299,000 只，总计金额 315,597.08 美元。对此事实，申请人向仲裁庭已提供了外销发票、装箱单、货物提单以及货物出口报关单等证据。这些证据相互印证，证实了申请人已将货物交付给被申请人，按合

同履行完交货义务。

（二）被申请人未履行付款义务

合同第 9 条规定的付款条件是自提单日期后 45 天内支付。申请人交付给被申请人的最后一批编织布和编织袋，提单日期为 2005 年 10 月 30 日，根据合同规定，被申请人应在 2005 年 12 月 15 日前将全部货款 315,597.08 美元付清。但是，被申请人因资金紧张，一直拖欠未付。故被申请人未按合同规定的日期履行付款义务，违反了我国合同法。同时，应承担逾期付款的违约责任。对此，申请人仍保留追究被申请人承担逾期付款违约金的权利。

（三）申请人交付给被申请人的编织布和编织袋质量完好

申请人系一家专业生产塑料编织布和编织袋的厂家，生产历史悠久。在国内的同类行业中，是生产塑料编织布和编织袋规模最大的生产厂家。申请人生产的产品销往境外多个国家，包括美国、西欧、中东、非洲、俄罗斯等国家和地区，商业信誉一直很好。在生产过程中，申请人非常注重产品质量，严格把牢产品质量关。故申请人交付给被申请人的产品质量是可靠、可信的，不存在质量问题。

1、申请人严格按照合同规定的质量标准进行生产。

合同第 1 条规定了产品的质量要求，即编织布和编织袋为乳白色，加 1% UV，同时还规定了产品的宽度和克重。合同签订后，申请人始终按照合同的质量要求进行生产并进行严格的出

厂检验，一旦发现存在质量问题的产品，一律不准出厂销售。因申请人的产品质量可靠、可信，申请人与被申请人才有数年的业务往来，而且往来金额达数百万美元。如果申请人的产品质量有问题，那么被申请人早已停止与申请人的业务往来。可见，申请人的产品质量是完好的。

2、合同第 11 条规定"凡属商品品质异议，买方须于货到目的港后 30 天内向卖方提出，凡属商品数量异议，买方须于货到目的港后 15 天内向卖方提出。"被申请人收到申请人出运的编织布和编织袋后，均未提出品质异议，而且在国外忙于销售申请人的产品。故申请人交付的品质不存在质量问题。而且根据合同中规定的提出品质异议的期限，异议期限已过，被申请人已无权再提出异议。况且，申请人的品质不存在问题。

3、申请人与被申请人自 2003 年开始业务往来，至 2006 年元月 10 日，被申请人汇付最后一笔货款止，被申请人共汇付货款 400 多万美元。如果申请人的产品存在质量问题，被申请人不可能继续与申请人发生业务往来和汇付货款。由此可见，被申请人以自己的行为，证实了申请人提供的产品不存在质量问题。

（四）被申请人提出停止货物出运

被申请人于 2005 年 11 月 1 日发邮件告知申请人，因配额问题，停止出货，待海关和外贸部的进一步消息。根据被申请人的要求，申请人于 2005 年 10 月 30 日出运最后一批货物后，

即停止了出货。为此，造成申请人大量的编织布、编织袋积压仓库，计金额 21,222.80 美元。因被申请人提出停止出货而造成的经济损失，申请人保留追索权。

（五）运费应当由被申请人承担

申请人与被申请人签订的合同为 FOB 价格条件，表明中国至美国的运费由被申请人承担，同时，申请人与被申请人无数次业务往来，被申请人每次在支付货款时，均将运费包括在支付的款项内。故中国至美国的运费应由被申请人承担。

综上所述，申请人履行了合同规定的交货义务，而且交付货物的品质完好，被申请人未按合同规定的期限履行支付货款的义务，侵害了申请人的合法权益。

被申请人在 2007 年 4 月 10 日提交的案件说明及附件中称：

被申请人向中国进出口信用保险公司所作的说明，均未被采纳，被申请人重复付款及部分货款申请人已向客户收款（AGRIBag INC.），以及 2×40′ 洋葱布退回，申请人均未将此从应收帐款中扣除。

至于最后 2×40′ 柜因配额问题请求不要出货，申请人不允。而且货出之后请求退回中国，则所造成的损失，相对减少。这批货不被允许入美国，最后损失最大者仍属被申请人。被申请人投资该 P/P 袋厂三分之一股权，属股东之一，若非成品品

质有问题，不至于拒绝进货。

申请人在 2007 年 5 月 16 日提交的"关于被申请人 EAGLE BAG CORPORATION 提供的材料提出书面意见"中称：

（一）申请人提供的产品不存在质量问题

1、合同规定编织布或编织袋加 1% UV。为此，申请人根据合同规定，仅 2005 年度购买 UV（抗紫剂）7149.05KGS。据此，申请人已按合同要求，在生产中已添加不低于 1% UV 配料，确保产品质量的可靠性。需要说明的是，申请人提供给被申请人的塑料产品，均是申请人投资设立的江西省万安县永威塑胶有限公司生产，而且，被申请人也明知该产品系万安县永威塑胶有限公司生产。

2、申请人与被申请人自 2003 年 3 月建立业务关系以来，业务量已达数百万美元，相互之间货款结算，采取一批一结。即发一批货，出具一批货的发票及相关单证，按发票金额支付货款，已经形成双方的结算习惯。在结算货款中，被申请人从未提出过产品质量问题。退一步说，申请人提供的产品确实出现产品质量问题，被申请人不但要拒绝付款，终止合同履行，而且还要依法追究申请人的产品质量责任。但被申请人没有这样做，表明申请人生产的产品没有质量问题，被申请人试图以此为借口，达到赖掉部分货款的目的。

3、被申请人所述的产品质量问题，主要指规格为 14×26

″的沙袋。14×26″规格的沙袋是申请人于 2003 年开始生产提供给被申请人的产品。该产品的货款，被申请人早已付清。表明产品质量是完好的。申请人申诉的本案 14 份合同中编织袋的规格为 22.5×40″， 24.5×40″,31.5×45″， 24.5×36″，23.5×40″，故被申请人所述的 14×26″ 规格的沙袋，质量问题与本案无关联。被申请人可另外申诉。

4、被申请人未提供产品质量有问题的确切证据。申请人申请仲裁的 14 份合同均是 2005 年元月至同年 8 月签订的合同。该合同的货物，被申请人均已收到。而被申请人均未提出这 14 份合同的产品存在质量问题，更没有确切的证据证明这 14 份合同的货物存在质量问题。确切地说，被申请人提出的所谓的质量问题，是指这 14 份合同以外的货物存在质量问题，以此达到扣除 14 份合同中部分货款的目的。被申请人的这一行为，恰恰印证了申请人根据 14 份合同提供的货物，产品质量是完好的。所以被申请人提出的所谓产品质量有问题无事实根据。

5、被申请人与申请人的销售合同中规定提出质量异议期限为到货后的 30 天内提出，而被申请人均未在期限内提出任何质量异议，到了申请人催讨货款时才提出所谓的质量问题，由此可见被申请人想赖掉货款的目的。

（二） 关于货款重复支付的问题

1、申请人于 2004 年将货物卖给被申请人，而被申请人收

货后支付了货款。尔后，被申请人又将该货物卖给了 FOX 公司和梁太太，FOX 公司和梁太太收货后，将其所收到货的货款直接汇给申请人（其中 FOX 公司汇付货款 19,513.80 美元，梁太太汇付货款 17,926.50 美元）。经核算，被申请人重复付款金额 62,914.8 美元（包括被申请人货已退，申请人款未退金额 25,474.50 美元）。加上 2004 年平均运费一中 40 平柜（此系当事人原文表述一仲裁庭注）为 2,200 美元，上述三批货运费为 5940 美元，合计可抵冲金额为 68,854.80 美元。与被申请人提出的抵冲金额 85,237.50 美元不符，应以申请人计算为准。

2、根据发票号 NB4YF328 号合同，被申请人多汇货款 22,404.99 美元。又根据 NB4YF321 号发票号，被申请人多汇货款 20,830.70 美元，合计 43,235.69 美元，申请人应退回给被申请人。

3、根据 NB4YF338，NB4YF127，被申请人少付款 7,646.4 美元。

4、上述 1－3 点的合同货款均不是本案 14 份合同的货款争议，故同本案无关联，可做另案处理。如果，被申请人要求将本案以外的合同货款与本案合同货款合并处理，须经申请人同意。

三、关于合作投资办厂问题

为了扩大塑料编织制品在美国市场的占有率，在互惠互利

的条件下，申请人与被申请人于 2003 年 7 月 18 日签订了《合资协议书》。双方投资总额 100 万人民币，全部投资于固定资产及生产附属器具的购置和设备安装。协议约定，被申请人及时向中方下达不少于 110 吨/月制品定单，不造成生产脱节，并及时回笼货款以减轻流动资金的占用。自 2004 年 3 月开始，被申请人未能按约定下达足够的定单和合同所约定的凭提单 30 天付款，使生产处于半停止状态。虽然，申请人与被申请人合资法律关系至今尚未终止和解除。但是因合资法律关系及其引起的法律后果，同本案无关联性，故被申请人可另案诉讼解决。

综上所述，被申请人提供的情况说明和证据材料所证明的产品质量依法不能成立，所证明的重复汇款和合资办厂同本案的 14 份合同无关联，可另案处理。


被申请人在 2007 年 6 月 4 日提交的案情说明中辩称：

（一）关于申请人提供的产品不存在质量问题。

1、关于 P/P 编织布及编织袋加 UV 1%的问题，申请人自始就不认为那是很重要的课题，因为过去从中国进口布或袋子，客户均未特殊要求加 UV，但是近年使用感觉破损率非常高，于是 UV 问题渐受重视（美国国内所有 P/P 布或袋子均严格要求加 UV，至少抗 200 小时以上，亦即室外可以抵 50 天不破为准），以至于全面要求进口布及袋均需加 UV。申请人

与被申请人在合资办厂前后均有买卖业务，初期的沙袋，要求 1,600HR UV。按照美国标准， 1,600HR UV 可以在室外 13 个月袋子不破，依照中国大陆看法，至少可以抵 6 个月不破。然而此批货交给 LOS ANGELES 客户 ORBNGE COUNTY BAG CO. 使用之后前后不到一个星期，袋子破损不堪（被申请人处尚有样品袋），导致客户非但不付货款，甚至要求赔偿，这些详情申请人知之甚详。

然而，这一惨痛之经验申请人并没有汲取，以至于后来那么的长时间，均未能做好加 UV 防紫外线的工作。被申请人一再通知改善，甚至于申请人石总经理来美国时提供被申请人公司的做法，即将 UV、发泡剂、色母装成一袋，要换原料时一齐放进去搅拌，这是最笨的方法，也是最安全的方法，万无一失，可惜此方法并未被采纳。不管是申请人公司决策或者现场作业人员之疏失，生产出之产品不符合品质要求，申请人应当承担所有责任（被申请人处库存布仍超过 1,000,000 码以上，可以随时提供检验 UV 问题）。

至于被申请人投资合资之 P/P 袋厂系在宁波永峰公司之本厂内，何时迁厂，设于何处，被申请人从未获悉，更不知江西永威塑胶公司系被申请人的合资厂，姑不论任何厂家，产品系申请人公司出口交给被申请人，申请人自应负有全责，不应卸责。

2、关于货款一事，申请人承认双方业务量达数百万美元，

证明并非小生意，更应珍惜此一商机，以最好的产品换取蒸蒸业务才是。然而申请人却疏于正视问题存在，致双方造成损失，尤以被申请人在美国市场商誉受损造成无可弥补之损失。

3、申请人于书面意见中有此叙述"退一步说，申请人提供的产品确实出现产品质量问题，被申请人不但要拒绝付款，终止合同履行，而且还要求追究申请人的产品质量法律责任，但被申请人没有这样做，表明申请人生产的产品没有质量问题"并非事实。被申请人发觉产品质量问题时，一再将检验报告传给申请人希望改善。如果一遇到问题，马上拒付款诉诸法律，并非申请人与被申请人合资办厂之目的，如此破坏双方关系并非被申请人之基本商场做法。

4、申请人于 2004 年将网眼布销售给美国 FOX Packaging 发生问题时，曾请求被申请人帮忙销售申请人庞大之库存网眼布，被申请人将申请人的数百万码网眼布进口到被申请人处仓库再销售给 FOX 公司。销售期间，被申请人除了支付进口关税 8.4%，还另付海运费，且占用被申请人的仓库颇长时间，申请人当时承诺补偿仓储费用，事后并未补偿分毫。

5、关于申请人一再否认货物的质量问题。被申请人请求公正机构就申请人交给被申请人的现仍存在库房中的产品任意取样检验，以此决定由哪方当事人承担责任。

（三）货款重复支付问题：

1、申请人最终承认收取了 AGRIBAG INC. 梁太太和 FOX 公

14

司的货款。这些货款是从被申请人仓库载往客户处及退回申请人。货物从进价加海运加进口关税加本公司利润，方为售价。申请人与上述两家公司之间的货款数量与被申请人无关。对被申请人来讲，全部货款仍应为 AGRIBAG INC.#504086 $24,140 及 FOX Packaging #504085(26577.50) + #504087($34,520.00) =61,097.50。全部 85,237.50 不应再打折扣，

　　2、被申请人多汇 43,235.69 美元。申请人最终也承认这两批货款共 128,473.19 元。但申请人从一开始不承认的问题的态度，表明其并非善意解决问题。

　　3、销售台湾之网眼袋问题。被申请人所述是否属实，询问经理乐世汉便知一切。

　　（三）合资厂问题

　　双方在条款中列明"双方合作互利为基础，美方及时向中方下达不少于 110 吨/月制品订单，不造成生产脱节，并及时汇款，以减轻流动资金之占用。"

　　"寻求利用合资设备生产塑料简布，这一产品提高其技术含量和档次，产品同时开拓这一市场，为双方争取更大效益。"

　　以上条款中必须前提是质量品质优异，被申请人才有能力开拓市场，否则进货越多造成之争议越多。从合资厂进货对被申请人非常有利，如果不是因为质量确实有问题，被申请人不会停止进货。

申请人在 2007 年 6 月 19 日提交的 "关于 EAGLE BAG CORPORATION 提出说明的意见" 中称:

(一) 关于 UV 问题。被申请人提出编织布和编织袋加 UV 1%, 而引起质量问题。对此, 申请人不能认可。合同规定, 编织布和编织袋加 UV1%。事实上, 申请人按此要求添加 1% UV。被申请人提出 "按照美国标准 1600HR UV, 可以在室外 13 个月袋子不破, 依照大陆至少可以抵 6 个月不破。" 这些要求和标准在双方签订的合同质量标准和要求中未明确规定。故不能由此推定申请人提供的货物存在质量问题。

被申请人多次提出质量问题。但至今均未提供申请人交付的编织布和编织袋中, 未添加 UV 或者添加 UV 不到 1% 的证据。被申请人在申请人多次催讨货款时才提出产品质量问题, 目的系赖掉货款。

合同规定了产品的质量期限和提出异议的期限, 在此期限内, 被申请人从未提出产品质量异议, 况且被申请人提出质量问题需要赔偿的不是本案的 14 份合同, 申请人根据本案 14 份合同, 交付的货物, 至今被申请人未提出产品质量问题。表明本案不存在质量问题。

(二) 关于退运抵扣金额问题。被申请人在说明中提出 "货物从进价加海运加进口关税加本公司利润, 方为售价。" 申请人认为, 这批货物作退运处理。因为第三方 (买家) 已汇付了申请人货款。故被申请人原汇入的货款作退款处理。即卖价加

运费加关税，合计金额为 USD68,854.80。不应当包括被申请人的利润，被申请人提出折扣 85,237.50 美元不妥。

（三）部分厂房迁至江西，申请人已经通知 EAGLE，事后，我方交付的货物都是从江西运至深圳出口美国。这些 EAGLE 明知的，但与本案无关。

（四）合资办厂是投资法律关系，与本案无关，我方不做细述。

## 二、仲裁庭意见

### 一、关于本案审理范围

仲裁庭注意到，申请人主张、被申请人亦不否认双方自 2003 年以来即存在编织布编织袋买卖等业务往来，交易金额达数百万美元。仅 2005 年 1 月至 8 月，双方间就签订了 33 份售货合同。但根据申请人的仲裁申请，申请人请求仲裁所涉合同仅限于 2005 年 1 月至 8 月间的 14 份《售货合同》（SALES CONTRACT），这 14 份合同的合同编号分别为 YFEB05008、YFEB05009、YFEB05018、YFEB05020、YFEB05021、YFEB05022、YFEB05024、YFEB05025、YFEB05027、YFEB05028、YFEB05029、YFEB05030、YFEB05031、YFEB05033。因此，仲裁庭认为，本案审理范围仅限于前述 14 份合同所涉争议。

二、本案有关事实认定

根据庭审并结合双方提交的材料,仲裁庭查明并认定如下事实:

(一)申请人和被申请人于 2005 年 1 月至 8 月间签订了本案所涉 14 份合同,这 14 份合同编号分别为 YFEB05008、YFEB05009、YFEB05018、YFEB05020、YFEB05021、YFEB05022、YFEB05024、YFEB05025、YFEB05027、YFEB05028、YFEB05029、YFEB05030、YFEB05031、YFEB05033。合同约定由申请人向被申请人出售各种规格的编织布和编织袋。至 2005 年 11 月 1 日被申请人给申请人邮件,要求申请人"暂停出货,等候我们美国海关及外贸部的进一步消息",申请人已分期分批将本案合同项下的编织布 3,625,000 码、编织袋 457,000 只交付给了被申请人。前述事实有双方签字的前述 14 份合同文本复印件、申请人向仲裁庭提供的装箱单、货物提单、货物出口报关单以及双方往来的有关电子邮件等证据为证。

(二)关于双方有关争议焦点的认定

仲裁庭注意到,申请人称在已交货物中,被申请人尚有编织布 1,952,000 码、编织袋 299,000 只的货款总计金额 315,597.08 美元未付,因此申请人要求被申请人支付该款项,申请人为此向仲裁庭提供了外销发票等证据予以证明,并附具了 14 份合同的履约情况表。被申请人对欠付申请人货款的事实未予否认,但认为有关款项未付,主要有如下几方面原因:

申请人提供的产品存在质量问题、存在货款重复支付问题以及双方间有合作办厂情况存在。

关于产品质量问题，仲裁庭注意到，被申请人提交的指称本案产品质量的证据，至少存在如下问题：1、被申请人称规格为 14 X 26″ 的沙袋存在质量问题，但其并非本案合同所涉产品；2、其提交的《试样 UV 测试结果》共 20 余份，系自己单方制作，不能证明是何合同项下何批货物（且多份测试发生在本案合同签订前），测试标准也未见有合同等依据；3、许多材料注明时间在本案合同签订前；4、现有证据并不能确切地证明申请人所交的本案 14 份合同项下的货物存在质量问题；5、被申请人并未提供充分有效的证据证明其已按合同规定在产品质量及数量异议期内（质量异议，被申请人须于货到目的港后最迟 30 天内向申请人提出；数量异议，被申请人须于货到目的港后 15 天内向申请人提出）向申请人提出。综上，仲裁庭认为，被申请人关于产品质量问题的主张，因证据不充分，仲裁庭难以采信。

对于被申请人主张的货款重复支付及多汇货款问题，仲裁庭注意到，申请人承认有货款重复支付及多汇货款相关事实存在，但认为与本案 14 份合同无涉，并为此出具了相关发票等证据材料。被申请人并未据此反驳。经查相关发票等证据，仲裁庭亦不能得出重复支付的货款及多汇货款与本案有关的结论。

至于双方合作投资办厂，仲裁庭认为，此问题与本案无关，仲裁庭不予审理。

综上，仲裁庭认为，被申请人拒付本案 14 份合同项下欠付货款，理由不足，证据不充分。


三、法律适用、违约责任及仲裁请求认定

1、关于法律适用

本案所涉合同对法律适用未作规定，但鉴于双方当事人营业所在地国家均为《联合国国际货物销售合同公约》（以下简称"公约"）成员国，本案涉争合同均为国际货物销售合同，据此，仲裁庭认为本案应适用《联合国国际货物销售合同公约》（以下简称"《公约》"）。

2、关于违约责任及仲裁请求

基于前述事实，仲裁庭认为，本案合同是双方意思一致的表示，合法有效，对双方当事人均有约束力。申请人已交付合同货物，但被申请人在未提供充分有效的证据证明申请人履约存在违约事实的情况下，对欠付款项不予支付，违反了合同及《公约》的有关规定。合同第九条规定的付款条件是自提单日期后 45 天内支付，但自申请人交付给被申请人本案合同所涉最后一批编织布和编织袋至今已逾一年半。根据《公约》第五十三条"买方必须按照合同和本公约规定支付货物价款和收取货物"及第三节"买方违反合同的补救办法"

第六十二条 "卖方可以要求买方支付价款、收取货物或履行他的其他义务……"等条款的规定,被申请人应承担违约责任,向申请人支付欠付款项。仲裁庭注意到,申请人要求被申请人支付的 315,597.07 美元货款中,含运费 25,080 美元。申请人称此运费按双方以前做法由被申请人支付给申请人,申请人为此出具了以往及本案的含货款及运费的发票予以证明。被申请人对申请人的运费主张未持异议。

据上,仲裁庭认为,被申请人应向申请人支付本案合同货款 315,597.07 美元,同时根据本案的审理情况决定被申请人承担本案仲裁费用及产生的实际费用。

## 三、裁　决

1、被申请人应向申请人支付货款 315,597.07 美元;

2、本案仲裁费为人民币 81,936 元,申请人选定外地仲裁员的实际费用为人民币 8,000 元,全部由被申请人承担。申请人已向仲裁委员会全额预付上述费用,因此,被申请人应向申请人支付人民币 89,936 元。

上述各款项被申请人应在本裁决作出之日起三十日内向申请人支付完毕,逾期,加计年利率 6 % 的利息。

本裁决为终局裁决,自作出之日起生效。

（此页无正文）

首席仲裁员：

仲　裁　员：

仲　裁　员：

二〇〇七年八月十日于北京

China International Economic and Trade Arbitration Commission

# Award

Applicant: Ningbo Yongfeng Packaging Co., Ltd.

Legal address: No.25, Shengmo Road, Qiu'ai, Yinzhou District, Ningbo City, China

Arbitration attorney: Zhejiang Xinzhongda Law Office, Lawyer Jiang Huiduo

Opposite applicant: EAGLE BAG CORPORATION

Legal address: 700 A INDEPENDENT ROAD, OAKLAND, CA 94621 U.S.A.

Beijing

August 10, 2007

# Award

(2007)ZGMZJC Zi. No.0395

China International Economic and Trade Arbitration Commission (originally named Foreign Trade Arbitration Commission, China Council for the Promotion of International Trade, later named Foreign Economic and Trade Arbitration Commission, China Council for the Promotion of International Trade, and now named China International Economic and Trade Arbitration Commission, hereinafter called the "Arbitration Commission") accepted the arbitration case for the disputes under the 14 sales contracts respectively numbered YFEB05008, YFEB05009, YFEB05018, YFEB05020, YFEB05021, YFEB05022, YFEB05024, YFEB05025, YFEB05027, YFEB05028, YFEB05029, YFEB05030, YFEB05031 and YFEB05033 (hereinafter called "SALES CONTRACT") signed by and between the applicant Ningbo Yongfeng Packaging Co., Ltd. (hereinafter called "the applicant") and the opposite applicant EAGLE BAG CORPORATION (hereinafter called "the opposite applicant") in 2005 in accordance with the arbitration clauses of the said SALES CONTRACT and the written arbitration application and its appendices submitted by the applicant on November 10, 2006. The case number is G20070018.

The arbitration proceedings apply the Arbitration Rules of China International Economic and Trade Arbitration Commission (hereinafter called the "Arbitration Rules") implemented since May 1, 2005.

The Secretary Office of Arbitration Commission sent the arbitration notice, Arbitration Rules and Register of Arbitrators to both the applicant and opposite applicant and sent the arbitration application and the attached evidence materials submitted by the applicant by express mail on January 10, 2007.

The applicant chose Mr. Zheng Mengzhuang whose residence is in Ningbo as the arbitrator for this case. As the opposite applicant failed to choose or entrust the director of arbitration commission to appoint an arbitrator within the stipulated term, the director of arbitration commission appointed Mr. Wang Jian as its arbitrator for this case according to the provisions of the Arbitration Rules. As the two parties failed

to jointly choose or entrust the director of arbitration commission to appoint a chief arbitrator within the stipulated term, the director of arbitration commission appoint Mr. Wang Chengjie as the chief arbitrator according to the provisions of the Arbitration Rules. The above mentioned three arbitrators formed an arbitration tribunal to bring the case to trial on February 12, 2007 after signing the acceptance of appointment and declaration of independence. On the same day, the Secretary Office of Arbitration Commission sent the notice of tribunal organization to the two parties concerned by express mail.

After consultation with the Secretary Office of Arbitration Commission, the arbitration tribunal decided to hold a hearing in Beijing on March 5, 2007. On February 12, 2007, the Secretary Office of Arbitration Commission sent the notice of trial to the two parties concerned by express mail.

On March 5, 2007, the arbitration tribunal had a trial as scheduled in Beijing. The applicant and its attorney appeared in court and attended the trial. The opposite applicant neither appointed a person to attend the trial nor gave reason. The arbitration tribunal tried the case by default according to the provisions of Article 34 of the Arbitration Rules. The applicant stated at court its arbitration petition as well as the facts and grounds on which the petition is based, explained its arbitration petition and the evidences and replied to the questions raised by the arbitration tribunal. After court, the applicant submitted Arbitration Statement of Attorney dated March 5, 2007, List of Supplementary Materials and the appendices to the arbitration commission on March 19,2007.

On March 19, 2007, the Secretary Office of Arbitration Commission delivered the relevant materials submitted by the applicant after court to the opposite applicant, informed the opposite applicant of the hearing situation by letter numbered (2007) ZGMZJ Zi. No.003160 and gave notice that if it disagreed with the relevant materials of the case submitted by the applicant or requested for a rehearing, the opposite applicant is required to present in writing and submit to the arbitration commission before April 9, 2007.

Afterwards, the opposite applicant submitted the case explanation and relevant

evidence materials to the arbitration commission but did not file a request for rehearing. On April 27, 2007, the Secretary Office of Arbitration Commission delivered the said materials to the applicant and ordered it to make a remark within the stipulated term.

On May 16, 2007, the applicant submitted "Written Opinions on the Materials Submitted by the Opposite Applicant EAGLE BAG CORPORATION" dated May 9, 2007 and the appendices to the arbitration commission. On May 17, 2007, the Secretary Office of Arbitration Commission delivered the said materials to the opposite applicant.

Afterwards, both parties concerned filed attorney's opinions to the arbitration commission and the Secretary Office of Arbitration Commission exchanged the case materials between the two parties concerned.

All documents about the case were served with effect to both parties concerned.

This case has already tried at the end. According to the case hearing situation and based on the written opinions and evidence materials submitted by the two parties concerned, after agreed, the arbitration tribunal makes the arbitration ruling of this case.

The case situation, the opinions of arbitration tribunal and the ruling of this case are stated as follows:

I. Case

In the year 2005, the applicant and opposite applicant signed 14 sales contracts respectively numbered YFEB05008, YFEB05009, YFEB05018, YFEB05020, YFEB05021, YFEB05022, YFEB05024, YFEB05025, YFEB05027, YFEB05028, YFEB05029, YFEB05030, YFEB05031 and YFEB05033. The 14 sales contracts respectively stipulated the description, specification and quantity of the goods referred to under each contract and also stipulated clauses of rights and obligations of the two parties such as the price clause, unit price, total amount, packing clause, insurance,

terms of payment, shipping marks, disputes of quality and quantity of commodity etc. Later as the two parties had disputes arising from the fulfillment of the contracts, the applicant filed the arbitration application according to the arbitration clauses under the contracts.

The applicant raised the following arbitration requests:

1. Requested pay of 315,597.07 US dollars for the goods by the opposite applicant;

2. The cost of arbitration of this case paid by the opposite applicant.

The applicant stated in its arbitration application that:

During the period from January to August in 2005, the applicant and the opposite applicant signed total 33 contracts for sale of goods (payment for goods under 14 contracts thereof were not settled). As stipulated by contract, the applicant should sell woven fabrics in various specifications totaling 7,705,000 yards and woven bags in various specifications totaling 3,710,000 pieces to the opposite applicant. Under the terms of the contracts, the payment mode should be T/T; and the disputes of the quality of the goods should be raised by the buyer against the seller within 15 days after the arrival of the goods at the destination port. After the signing of contracts, the applicant, based on the contracts, immediately went into production of the plastic woven fabrics and plastic bags. Afterwards, the applicant, in accordance with the provisions of the contracts, supplied woven fabrics totaling 6,054,000 yards and woven bags totaling 3,372,000 pieces in batches successively with total value of 1,072,039.76 US dollars. The opposite applicant paid 756,442.69 US dollars after receiving the goods, with 315,597.07 US dollars unpaid. At about 2:00 a.m. on November 1 in the same year, the opposite applicant informed by telex that as US government required quota for the woven fabrics imported from China, the applicant should stop the supply of all woven fabrics after November 1, waiting for further information from the US customs and foreign trade department. Complying with the opinions of the opposite applicant, the applicant stopped the delivery, which caused 135,000 yards of woven fabrics and 338,000 woven bags be unable for delivery. So far, there're still 168,800 yards of woven fabrics overstocked in warehouse with a total value of 21,222.80 US dollars. To this end, the applicant, for many times, pressed the opposite applicant for payment of goods and claimed compensation. However, the opposite applicant deliberately defaulted for a long time. With a view to

safeguard the applicant against continued infringement on its lawful rights and interests, this application of arbitration was thereby filed.

After hearing, the applicant stated in the submitted Arbitration Statement of Attorney on March 19 that:

(I) The applicant delivered goods according to contract
The applicant and the opposite applicant had established business relations for buying and selling woven fabrics and woven bags since 2003. During the period from January 2005 to August in the same year, the applicant and the opposite applicant signed total 33 sales contracts for sale, 14 contracts of which, involved the 790,000 woven bags with value of 113,100.60 US dollars and 4,550,000 yard woven fabrics with total value of 588,959.50 US dollars. After the signing of contracts, the applicant, in accordance with the provisions of the contracts, delivered woven fabrics and woven bags batches successively to the opposite applicant, among which, a total amount of 315,597.08 US dollars for 1,952,000 yard woven fabrics and 299,000 woven bags was unpaid by the opposite applicant. For this fact, the applicant provided evidences as sales invoices, packing lists, bills of lading and export declarations etc. These evidences, by mutual corroboration, confirmed that the applicant had delivered the goods to the opposite applicant and fulfilled its obligation of delivery according to the contracts.

(II) The opposite applicant failed to fulfill its obligation of payment
According to the payment clause specified in Article 9 of the contract, the payment should be made within 45 days after the date of B/L. The date of B/L for the last shipment of the woven fabrics and woven bags delivered by the applicant to the opposite applicant was October 30, 2005. As stipulated by the contract, the opposite applicant should clear the total payment of 315,597.08 US dollars for the goods before December 15, 2005. However, the opposite applicant held the payment in arrears for lack of fund. Therefore, the opposite applicant failed to fulfill its obligation of payment on schedule stipulated under contract and violated the contract law of China. Besides, the opposite applicant should bear the liabilities for delayed payment. For this, the applicant still reserves the right to claim against the opposite applicant for payment of penalty for delayed payment.

(III) The woven fabrics and woven bags delivered by the applicant to the opposite applicant are of good quality

The applicant is a specialized manufacturer of plastic woven fabrics and woven bags with a long history of production and the largest production scale of plastic woven fabrics and woven bags among its counterparts in China. Products of the applicant are exported to many countries and regions, including US, West Europe, Middle East, Africa and Russia and the applicant keeps its goodwill of business. In the production process, the applicant stresses much on product quality and strictly holds the pass of quality. Therefore, the products delivered by the applicant to the opposite applicant are dependable and trustworthy without any quality problems.

1. The applicant carried out production in strict accordance with the quality standard stipulated under the contract.

According to the quality requirements were specified in Article 1 of the contract, the woven fabrics and woven bags should be milk white, including 1% UV. The width and weight per gram of the products were also stipulated. After the signing of the contract, the applicant always carried out production in accordance with the quality requirements stipulated under the contract and conducted strict delivery inspection. Once any product with quality problem was detected, such product would not be delivered for sales without exception. As the product quality of the applicant was dependable and trustworthy, it was possible that the applicant and the opposite applicant could maintain business contacts for years and the business volume could reach millions of US dollars. If the product of the applicant had any problem, the opposite applicant would stop the business contacts with the applicant early on. It was obvious that the applicant's product quality was good.

2. As stipulated in Article 11 of the contract, "Any objection related to the quality of goods should be raised by the buyer against the seller within 30 days after the goods arrive at the port of destination; and any objection related to the quantity of goods should be raised by the buyer against the seller within 15 days after the goods arrive at the port of destination." The opposite applicant did not raise any objection regarding quality after receiving the woven fabrics and woven bags shipped by the applicant and was busy selling the applicant goods on foreign market. Hence, the products delivered

by the applicant were free from quality problem. Further, according to the time limit for raising objection regarding quality stipulated under the contract, the deadline for demurring has passed, so the opposite applicant has no right to raise any objection. Besides, the quality of the applicant has no problem.

3. The applicant and opposite applicant started business from 2003. By the end of January 10, 2006, when the opposite applicant remitted the last payment for goods, the opposite applicant had paid a total sum of more than four million US dollars. If the applicant's products had any problem, it was impossible for the opposite applicant to keep business transactions with the applicant and make payment for goods. This showed that the opposite applicant confirmed by its own act that the products provided by the applicant were free from any quality problem.

(IV) The opposite applicant proposed to stop the delivery of goods
The opposite applicant informed the applicant by mail on November 1, 2005 to stop the shipment for quota problem, waiting for further information from the customs and foreign trade department. According to the requirements of the applicant, the applicant stopped the delivery after the last shipment on October 30, 2005, which caused a large quantity of woven fabrics and woven bags overstocked in warehouse with a total value of 21,222.80 US dollars. For the economic loss caused by the proposal of the opposite applicant for stop of delivery, the applicant reserves the right of claim.

(V) The freight should be assumed by the opposite applicant.
The applicant and the opposite applicant signed the contract with price terms of FOB, indicating the freight from China to US to be paid by the opposite applicant. Besides, for the countless business transactions between the applicant and the opposite applicant, the opposite applicant always included the freight in the payment each time paying for goods. Therefore, the freight from China to US should be paid by the opposite applicant.

To sum up, the applicant fulfilled the delivery obligations stipulated under contract and the goods were in good quality. And the opposite applicant failed to fulfill the obligation of payment for goods within the time limit stipulated under contract and

violated the lawful rights and interests of the applicant.

The opposite applicant stated in its case explanation and the appendices sumbitted on April 10, 2007:

The opposite applicant's explanations to China Import and Export Credit Insurance Corporation were not accepted. The applicant did not deduct the repeated payment of the opposite applicant and partial payment for goods which the applicant collected from the client (AGRIBag INC.) as well the return of 2 x 40' onion fabrics from the accounts receivable.

As regards the last 2 x 40'container, which was requested for nondelivery due to problem of quota, the applicant refused. And it was required to return the goods to China after delivery, so the loss caused was comparatively small. For the goods being unallowed to enter US, the ultimate sufferer with biggest loss was still the opposite applicant. The opposite applicant invested in one third equity of the P/P bag factory and was one of the shareholders. It would not refuse the stocking unless the finished products had problem.

The applicant stated in the "Written Opinions on the Materials Submitted by the Opposite Applicant EAGLE BAG CORPORATION" submitted on May 16, 2007 that:

(I) The products provided by the applicant had no quality problem

1. As stipulated under contract that the woven fabrics or woven bags should include 1% UV. To this end, the applicant purchased UV (anti uv agent) 7,149.05KGS in 2005 according to the provisions of the contract. Thereafter, the applicant added ingredient of UV not lower than 1% in production according to the requirements under contract to secure the reliability of product quality. What needed explanation was that all the plastic products provided by the applicant to the opposite applicant were produced by Yongwei Plastic Co., Ltd. of Wan'an County, Jiangxi Province which was established with investment of the applicant. The opposite applicant also knew well that the products were produced by Yongwei Plastic Co., Ltd. of Wan'an County.

2. The applicant and opposite applicant had concluded business volume of millions of

US dollars since establishing business contact in March 2003. The payment for goods was settled in the form of "settlement for each batch", i.e., payment would be cleared as per invoice amount when one batch of goods was delivered and the invoice and relevant documents for such batch of goods were issued. When settling the payment for goods, the opposite applicant never raised any quality problem. To say the least, if the products provided by the applicant did have quality problem, the opposite applicant would not only refuse the payment and terminate the contract but also claim against the applicant for product quality liability by law. But the opposite applicant did not do so, which showed that the products of the applicant had no quality problem. The opposite applicant attempted to use this as a pretext to attain its purpose of repudiating part payment.

3. The quality problem stated by the opposite applicant mainly referred to sandbags with specification of 14 x 26". The applicant started production of 14 x 26" sandbags and supply of the same to the opposite applicant in 2003. For these products, the opposite applicant cleared the payment early on, which indicated the good quality of products. The specifications of the woven bags under the 14 contracts involved in this case raised by the applicant were 22.5 x 40", 24.5 x 40", 31.5 x 45", 24.5 x 36" and 23.5 x 40". Therefore, the quality problem of sandbags with specification of 14 x 26" stated by the opposite applicant is irrelevant to this case. The opposite applicant may appeal separately.

4. The opposite applicant did not provide definite evidence indicating the quality problem of the products. The 14 contracts which the applicant applied for arbitration were all signed during the period from January 2005 to August 2005. All the goods under the contracts were received by the opposite applicant. And the opposite applicant did not state any quality problem of the goods under these 14 contracts. To be exact, the quality problem alleged by the opposite applicant referred to the quality problem existing in the goods other than those under the 14 contracts, based on which, the opposite applicant intended to attain its purpose of deducting part payment for the goods under the 14 contracts. Such act of the opposite applicant just confirmed that the goods provided by the applicant according to the 14 contract were of good quality. Therefore, the quality problem raised by the opposite applicant has no fact ground.

5. As stipulated in the sales contract concluded by and between the opposite applicant and the applicant, any objection related to the quality of goods should be raised within 30 days after the goods arrived at the port of destination. However, the opposite applicant did not raise any quality problem within the stipulated periods and only raised the alleged quality problem when the applicant urged for payment of goods, which showed the purpose of the opposite applicant, which was to repudiate the payment for goods.

(II) On repeated payment for goods

1. The applicant sold the goods to the opposite applicant in 2004. The opposite applicant made payment after receiving the goods. After that, the opposite applicant sold the goods to FOX Co. and Mrs. Liang, who, after receiving the goods, directly remitted the money to the applicant (FOX Co. remitted 19,513.80 US dollars and Mrs. Liang remitted 17,926.50 US dollars). As calculated, the repeated payment of the opposite applicant amounted to 62,914.8 US dollars (including 25,474.50 US dollars, to which the goods related were returned but the money was not returned). In addition, the average freight of year 2004 one medium 40 flat container (expression of the original text of the party concerned-note of the arbitral tribunal) was 2,200 US dollars. The total freight for the said three batches of goods was 5,940 US dollars. So the total deductible amount was 68,854.80 US dollars, which disagreed with the deductible amount of 85,237.50 US dollars stated by the applicant. The calculated amount of the applicant shall prevail.

2. For the contract with invoice number of NB4YF328, the opposite applicant overpaid 22,404.99 US dollars; and for the contract with invoice number of NB4YF321, the opposite applicant overpaid 20,830.70 US dollars, with total overpaid amount of 43,235.69 US dollars, which should be returned by the applicant to the opposite applicant.

3. For invoices NB4YF338 and NB4YF127, the opposite applicant had non-payment of 7,646.4 US dollars.

4. None of the payment for the goods under the contracts mentioned in above clauses 1-3 was involved in the disputes of the 14 contracts in this case. So the payment is

irrelevant to this case and can be settled in a separate case. If the opposite applicant requires to settle the payment for goods under contracts other than this case together with that under contracts of this case, approval should be obtained from the applicant.

III. On joint investment in running of factory

In order to enlarge the market share of plastic woven products in US, under the condition of mutual benefit, the applicant and opposite applicant signed Joint Venture Agreement on July 18, 2003. The two parties invested a total sum of one million yuan RMB, all put into purchase of fixed assets and production-related facilities and equipment installation. As agreed, the opposite applicant should order at least 110 tons of products per month from the Chinese party in time so as to prevent dislocation of production and promptly withdraw the money to reduce the occupancy of circulating fund. Since March 2004, the opposite applicant failed to place orders of sufficient size as agreed and make payment by D/P 30 days as stipulated under contract, which caused half halt of production. Although the legal relation between the applicant and opposite applicant for joint venture has not been terminated, the legal relation under the joint venture and the legal consequences so caused is irrelevant to this case. Thus the opposite applicant may bring a separate lawsuit for settlement.

To sum up, the product quality stated in the case information and evidence materials provided by the opposite applicant cannot be established by law. The repeated payment and joint venture project are irrelevant to the 14 contracts under this case and can be settled in a separate case.

The opposite applicant argued in the case information submitted on June 4, 2007 that:
(I) On no quality problem existing in products provided by the applicant
1. As to adding of UV 1% to P/P woven fabrics and woven bags, the applicant never took it seriously as no client asked for addition of UV for the fabrics or bags imported from China before. But in recent years, it has showed a high breakage rate in use and UV problem has been gradually treated seriously (all P/P fabrics or bags produced in US are strictly required for adding of UV, with resistance for more than 200 hours, or no breakage after 50 days being placed outdoors). As the result, the government ordered that all imported fabrics and bags should be added with UV. In the early stage, the requirement for sandbags was 1,600HR UV. The applicant and opposite applicant

had business transactions both before and after the joint venture project. According to the US standard, bags with 1,600HR UV may be free from breakage after being placed outdoors for 13 months. According to the opinions of China mainland, bags may resist against breakage for 6 months. However, after the goods of this shipment were delivered to our client in LOS ANGELES ORBNGE COUNTY BAG.CO., they found bags were terribly broken after use for about one week (sample bags still kept at the place of the opposite applicant). As the result, the client even claimed for compensation not to say refused the payment. The applicant knew well all these things.

However, the applicant did not draw a lesson from such painful experience so that it failed to do a good job of UV in such a long period thereafter. The opposite applicant again and again gave notice for improvement, to such an extent that when the general manager of the applicant Mr. Shi came to US, he was given the method of the opposite applicant, i.e. packing UV, foaming agent and master batch in one bag, which would be put in together and blended when changing the raw materials. This was the most stupid but also safest method to ensure no risk at all. It was a pity that this method was not adopted yet. No matter it was a problem of decision making of the applicant as a company or the negligence of the operators at the worksite, the applicant should be fully held responsible for nonconforming products it had produced (stock fabrics kept at the opposite applicant still exceeded 1,000,000 yards, ready for inspecting UV problem at any time).

As to the joint venture P/P bag factory in which the opposite applicant invested was established inside Ningbo Yongfeng Co. The opposite applicant never knew when and to which place the factory was moved with much less knowledge that Jiangxi Yongwei Plastic Co. was the joint venture factory of the opposite applicant. Not to consider the factory, as products were exported to the opposite applicant through the applicant company, the applicant should be held full responsible instead of shirking the responsibility.

2. As to the payment of goods, the applicant admitted that the business volume between the two parties reached millions of US dollars, which proved a big business. The applicant should treasure such a golden opportunity to exchange best products for

prosperous business. However, the applicant neglected to face the existence of problem which eventually caused the loss of the two parties, especially the irremediable loss of the opposite applicant's business credit on US market.

3. It was stated by the applicant in its written opinions that "To say the least, if the products provided by the applicant did have quality problem, the opposite applicant would not only refuse the payment and terminate the contract but also claim against the applicant for product quality liability by law. But the opposite applicant did not do so, which showed that the products of the applicant had no quality problem." was not a fact. When detecting the quality problem, the opposite applicant over and over again faxed the inspection report to the applicant with expectation for improvement. To immediately refuse the payment and appeal to law once a problem occurred was not the applicant's purpose of entering into joint venture with the opposite applicant; and to destroy the relation between the two parties in such way was not the general business practice of the opposite applicant.

4. When problem occurred during the sales of mesh fabrics to FOX Packaging, US in 2004, the applicant once asked the opposite applicant to help it to sell its huge stock of mesh fabrics. The opposite applicant imported millions of yards of mesh fabrics from the applicant, kept the fabrics in the warehouse and then sold to FOX Co. During the period of sales, the opposite applicant paid the ocean shipping freight in addition to the 8.4% import duty. Besides, the goods occupied the warehouse of the opposite applicant for quite a long period of time. The applicant promised to compensate the warehousing fee at that time but did not pay even a penny later.

5. On quality problem again and again denied by the applicant. The opposite applicant requested a notarization organization to take sample at random from the goods delivered by the applicant to the opposite applicant and now still being kept in the warehouse for inspection so as to decide which party should be held responsible.

(III) On repeated payment for goods

1. The applicant finally admitted its collection of payment from Mrs. Liang of AGRIBAG INC. and FOX Co. The payment was for the goods delivered from the warehouse of the opposite applicant to the clients and the goods returned to the

applicant. The cost of the goods plus the shipping freight plus the import duty and then plus the profit of the company constituted the selling price. The amount of payment for goods between the applicant and the above said two companies was irrelevant to the opposite applicant. As to the opposite applicant, the total payment for goods was still: AGRIBAG INC. #504086 $24,140 and FOX Packaging #504085 (26577.50) + #504087($34,520.00)=61,097.50. The total amount of 85,237.50 US dollars should not be further discounted.

2.The opposite applicant overpaid 43,235.69 US dollars. The applicant also at last admitted that the payment for the two shipments totaled 128,473.19 US dollars. However, the applicant's attitude of no admission of its fault at the beginning showed that it had no goodwill in problem settlement.

3.On sales of Taiwan mesh bags. Whether or not the statement of the opposite applicant was true could be well known by inquiring the manager Le Shihan.

(III) On joint venture factory
It was specified by the two parties in the clauses that "The cooperation between the two parties should be based on mutual benefit. The US party should order at least 110 tons of products per month from the Chinese party in time so as to prevent dislocation of production and promptly withdraw the money to reduce the occupancy of circulating fund.

"Seek to produce plastic fabrics by using the equipment of the joint venture, increase the technical content and upgrade the products and expand the market of such products at the same time so as to strive for bigger profit for both parties."

The prerequisite of the above clauses was the excellent quality of the products, based on which was the opposite applicant able to expand the market. Otherwise, the more the goods are stocked, the more disputes would be. To stock goods from the joint venture factory was very beneficial to the opposite applicant. Should the quality had no problem, the opposite applicant would not stop stocking goods.

The applicant stated in the "Opinions on the Explanations Given by EAGLE BAG

CORPORATION" submitted on June 19, 2007 that:

(I) On UV problem. The opposite applicant proposed to add UV 1% to the woven fabrics and woven bags and the quality problem was so caused. The applicant could not accept it. As stipulated under contract that the woven fabrics and woven bags should add UV1%. In fact, the applicant did add 1% UV according to such requirement. The opposite applicant stated that "According to the US standard, bags with 1,600HR UV may be free from breakage after being placed outdoors for 13 months. According to the opinions of China mainland, bags may resist against breakage for 6 months." These requirement and standard were not cleared specified in the quality standard and requirement under the contract signed between the two parties. Thus it could not be inferred therefrom that the goods provided by the applicant had quality problem.

The opposite applicant has raised quality problem many times but till now still fails to provide evidence to show that the woven fabrics and bags delivered by the applicant did not add UV or added UV less than 1%. The opposite applicant only raised the quality problem when the applicant urged for payment of goods again and again with the purpose of repudiating the payment for goods.

The contracts stipulated the term of quality guarantee of the products and the time limit for raising objection. During the stipulated terms, the opposite applicant never raised any quality problem. Moreover, what the opposite applicant raised quality problem and required compensation was not the 14 contracts in this case. For the goods which the applicant delivered according to the 14 contracts in this case, the applicant has never raised any quality problem till now, which shows that no quality problem is involved in this case.

(II) On amount of deduction for return of goods. The opposite applicant stated in its explanation that "The cost of the goods plus the shipping freight plus the import duty and then plus the profit of the company constituted the selling price." In the applicant's opinion, this batch of goods was treated as returned goods as the third party (buyer) had made payment to the applicant. So the payment previously paid by the applicant was treated as refund, which should be sales price plus freight and plus

customs duty with total amount of USD68,854.80. The profit of the opposite applicant should not be included. The discount of 85,237.50 US dollars proposed by the opposite applicant was improper.

(III) As part of workshop was moved to Jiangxi, the applicant had notified EAGLE. After the move, all goods delivered by us were transported from Jiangxi to Shenzhen and then exported to US. EAGLE had good knowledge of all these things. But such things are irrelevant to this case.

(IV) The joint venture project involved the legal relations of investment and was irrelevant to this case. We would not enter into particulars.

## II. Opinions of the Arbitration Tribunal

I. On the trial scope of this case

The arbitration tribunal has noticed that the applicant maintains and the opposite applicant does not deny that business transactions for sales of woven fabrics and woven bags has existed between the two parties since 2003 with transaction volume reaching millions of US dollars, and only during the period from January to August in 2005, the two parties signed 33 sales contracts. However, according to the arbitration application of the applicant, the contracts involved in the petition of the applicant are only limited to 14 sales contracts signed between January 2005 and August 2005. These 14 contracts are respectively numbered YFEB05008, YFEB05009, YFEB05018, YFEB05020, YFEB05021, YFEB05022, YFEB05024, YFEB05025, YFEB05027, YFEB05028, YFEB05029, YFEB05030, YFEB05031 and YFEB05033. Therefore, the arbitration tribunal determines that the trial scope of this case is only limited to the disputes from the said 14 contracts.

II. Determination of relevant facts of this case

According to the court hearing in combination of the materials submitted by the two parties, the following facts are ascertained and determined by the arbitration tribunal:

(I) The applicant and opposite applicant signed 14 contracts involved in this case. The numbers of these 14 contracts are respectively FEB05008, YFEB05009, YFEB05018, YFEB05020, YFEB05021, YFEB05022, YFEB05024, YFEB05025, YFEB05027,

YFEB05028, YFEB05029, YFEB05030, YFEB05031 and YFEB05033. The contracts stipulated that the applicant should sell woven fabrics and woven bags in various specifications. Up to November 1, 2005 when the opposite applicant gave the applicant a mail, requiring the applicant "stop the supply and wait for our further information from the US customs and foreign trade department", the applicant had delivered total 3,625,000 yards of woven fabrics and 457,000 woven bags in batches and by stages to the opposite applicant. The above facts can be supported by the copies of the said 14 contracts signed by the two parties as well as the packing lists, B/Ls, customs declaration forms for export of goods and relevant E-mails between the two parties provided by the applicant.

(II) Determination of relevant focal disputes between the two parties

The arbitration tribunal has noticed that the applicant states that among its goods delivered to the opposite applicant, there's still a total sum of 315,597.08 US dollars for the 1,952,000 yards of woven fabrics and 299,000 woven bags unpaid by the opposite applicant. Therefore, the applicant requests the opposite applicant to pay the said sum. For this purpose, the applicant has provided evidences such as sales invoices to support its claim and attached the statements of fulfillment of the said 14 contracts. The opposite applicant does not deny its arrears to the applicant but states that the nonpayment has the following main reasons: the products provided by the applicant has quality problem; repeated payment for goods exists and the two parties have a joint venture factory.

On quality problem, the arbitration tribunal has noticed that the evidences provided by the opposite applicant to support its alleged quality problem of the products under this case have at least the following problems: 1. The opposite applicant states that the 14x 26" sandbags have quality problem. But these products are not involved in this case. 2. The UV Test Result for Samples totaling 20 odd reports submitted by it are produced by the opposite applicant itself, which cannot certify the which batch of goods under which contract the sample is related (and several test reports were signed before the date of the contracts in this case and the test standards have no bases such as contract; 3. Many documents are shown to be made before the date of the contracts in this case; 4.The existing evidences cannot exactly attest that the goods under the 14 contracts in this case submitted by the applicant have quality problem; and 5. The opposite

applicant has not provided adequate valid evidences to support that it raised objection before the time limit for raise of objection regarding product quality and quantity (objection to the quality of the goods should be raised by the opposite applicant against the applicant within 30 days after the arrival of the goods at the destination port; and objection to the quantity of the goods should be raised by the opposite applicant against the applicant within 15 days after the arrival of the goods at the destination port). To sum up, the arbitration tribunal determines that the opposite applicant's allegation of the quality problem as lack sufficient evidences cannot be accepted.

As to the opposite applicant's allegation of repeated payment and overpayment for the goods, the arbitration tribunal has noticed that the applicant admits the fact of repeated payment and overpayment but takes it as being irrelevant to the 14 contracts in this case and has provided evidence materials as related invoices to support its opinion. The opposite applicant has not argued with evidence. Examination of the evidences including related invoices, the arbitration tribunal cannot as well reach a conclusion that the repeated payment and overpayment are related to this case.

As to the joint venture factory, the arbitration tribunal maintains that the issue is irrelevant to this case and will not be tried.

To sum up, the arbitration tribunal maintains that the opposite applicant's refusal of payment for the arrears under the 14 contracts in this case lacks reasons and sufficient evidences.

III. Determination of applicable law, violating liabilities and arbitration petition
1. On applicable law
The case related contracts stipulate none on applicable law. However, the countries where the operation grounds of the two parties concerned lie are both members to the "United Nations Convention on Contracts for the International Sale of Goods" (hereinafter called the "Convention"); and the case related contracts are all contracts for the international sale of goods, the arbitration tribunal maintains that this case shall apply the "United Nations Convention on Contracts for the International Sale of Goods" (hereinafter called the "Convention").

2. On violating liabilities and arbitration petition

Based on the said facts, the arbitration tribunal maintains that the contracts in this case express the true meaning of both parties after reaching an agreement, which are valid and effective and should bind both parties concerned. The applicant has delivered the goods under the contracts. But the opposite applicant refuses the payment of the arrears under conditions of failing to provide sufficient valid evidences to support the fact of violation by the applicant and thus has violated relevant stipulations of the contracts and the Convention. According to the payment terms in Clause 9 of the contracts, the payment should be made within 45 days after the date of B/L. However, it has been more than one and half years after the applicant delivered the last batch of woven fabrics and woven bags involved in the contract of this case to the opposite applicant. According to the provisions of Article 53 "The buyer must pay the price for the goods and take delivery of them as required by the contract and this Convention and Article 62 "The seller may require the buyer to pay the price, take delivery or perform its other obligations..." under Section III. Remedies for breach of contract by the buyer and other clauses of the Convention, the opposite applicant should assume the violating liabilities and pay the arrears to the applicant. The arbitration tribunal has noticed that the applicant's proposed request for payment of 315,597.07 US dollars includes the freight of 25,080 US dollars. The applicant stated that the said freight should be paid by the opposite applicant to the applicant according to the pratice between the two parties. The applicant provided the invoices including payment for goods and freight for the previously concluded contracts and contracts involved in this case for attestation. The opposite applicant holds no objection to the proposed claim of the applicant for freight.

Based on the above grounds, the arbitration tribunal maintains that the opposite applicant should pay for the goods involved in this case with amount of 315,597.07 US dollars. Besides, it is decided based on the actual hearing situation of this case that the opposite applicant should bear the arbitration cost and the actual expense arising therefrom.

III. Ruling

1. The opposite applicant should pay 315,597.07 US dollars to the applicant as the payment for goods.

2. The arbitration cost of this case is RMB 81,936 yuan and the actual cost for chosing the non-local arbitrator for the applicant is RMB8,000 yuan. All the above costs should be paid by the opposite applicant. The applicant has paid the said costs in full to the arbitration commission. Therefore, the opposite applicant should pay RMB89,936 yuan to the applicant.

The opposite applicant should pay up the above sums to the applicant within 30 days from the date of this ruling. When term exceeds, interest should be charged at the annual rate of 6%.

This ruling is the final judgment and shall enter into force after the date of ruling.

Chief arbitrator: Wang Chengjie (Signature)
Arbitrator: Zheng Mengzhuang (Signature)
Arbitrator: Wang Jian (Signature)

Made in Beijing, on August 10, 2007

China International Economic and Trade Arbitration Commission (Seal)

公　证　书

（2007）浙甬鄞证字第1139号

　　兹证明前面的影印件与宁波永峰包装用品有限公司所持有的
（2007）中国贸仲京裁字第0395号《裁决书》原件相符。原件上
"中国国际经济贸易仲裁委员会"的印鉴属实。前面影印件所附
的英文译本与中文原本内容相符。

中华人民共和国浙江省宁波市鄞源公证处

公　证　员　



二〇〇七年十月九日

XW02190684

# NOTARIAL CERTIFICATE

## (Translation)

(2007) ZJ NB Yin Zi, No. 1139

This is to certify that the preceding duplicate copy is in full conformity with the original copy of (2007) ZGMZJC Zi. No. 0395 Award held by Ningbo Yongfeng Packaging Co., Ltd. The seal of China International Economic and Trade Arbitration Commission affixed on the original copy is found genuine. The English translation attached hereto is in conformity with the original Chinese one.

Notary: Chen Wei'er (Signature)

Ningbo Yinyuan Notary Public Office (Seal)

Zhejiang Province

The People's Republic of China

October 9, 2007

XW02190688

证　明　书

（2007）浙甬鄞证字第1140号

　　兹证明前面的（2007）浙甬鄞证字第1139号《公证书》的英文译本内容与该公证书中文原本相符。

中华人民共和国浙江省宁波市鄞源公证处

公　证　员 



二○○七年十月九日

XW02190683

# CERTIFICATE

## (Translation)

(2007) ZJ NB Yin Zi, No. 1140

This is to certify that the English translation attached to the foregoing NOTARIAL CERTIFICATE <(2007) ZJ NB Yin Zi, No. 1139> is in conformity with the original Chinese one.

Notary: Chen Wei'er (Signature)

Ningbo Yinyuan Notary Public Office (Seal)

Zhejiang Province

The People's Republic of China

October 9, 2007

XW02190687



Consulate General of the )
United States of America )        SS;
At Shanghai, China        )

I, *John L. Junk*                    Consul of the
United States of America at Shanghai, China, duly
commissioned and qualified do hereby certify that
*Zhao Zuo Na*            , whose true signature is
subscribed above, was on *Nov. 22, 2007* the date
thereof, an officer of the Foreign Affairs Office
of the *Ning Bo*        People's Government,
duly commissioned and qualified, to whose official
acts full faith and credit are due. For the contents
of this document I assume no responsibility.

IN WITNESS WHEREOF I have hereonto set my hand
and affixed the seal of the United States Consulate
General at Shanghai, China, this *27th* day of
*Nov. 2007.*

John L. Junk
Consul of the United States
of America

American Consulate General
Shanghai  China

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT

**ORIGINAL**

for the

Northern District of California

E-filing

| | |
|---|---|
| Ningbo Yong Feng Packaging Co., Ltd. | ) |
| Plaintiff | ) |
| v. | ) |
| Eagle Bag Corporation | ) |
| Defendant | ) |

Civil Action No. C08-02327 SBA

## Summons in a Civil Action

To: *(Defendant's name and address)*

Eagle Bag Corporation
700A Independent Rd.
Oakland, CA 94621

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Pamela E. Singer, Esq.
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking

Name of clerk of court

Date: MAY - 6 2008

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

American LegalNet, Inc.
www.FormsWorkflow.com

☐ AO 440 (Rev. 04/08) Civil Summons (Page 2)

### Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____, _____
by:

    (1) personally delivering a copy of each to the individual at this place, _____
    _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
        who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
    _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ ; or

    (5) other *(specify)* _____
    _____
    _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

Date: _____

                                   _____
                                        Server's signature

                                   _____
                                         Printed name and title

                                   _____
                                         Server's address

American LegalNet, Inc.
www.FormsWorkflow.com

PAMELA E. SINGER (SBN 224758)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Attorney for: Petitioner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - (OAKLAND)

Petitioner : NINGBO YONG FENG PACKAGING CO., LTD.

Respondent : EAGLE BAG CORPORATION

Ref#: 235600     *   **PROOF OF SERVICE**   *   Case No.: C08-02327 SBA

At the time of service I was at least eighteen years of age and not a party to this action and I served copies of the:

SUMMONS IN A CIVIL ACTION; CIVIL COVER SHEET; PETITION FOR ORDER CONFIRMING FOREIGN ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 207; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION; ECF REGISTRATION INFORMATION HANDOUT

in the within action by personally delivering true copies thereof to the person named below, as follows:

       Party served     :  EAGLE BAG CORPORATION

       By serving      :  Wang Chin Long, Agent for Service

       Address         :  (Business)
                   700A Independent Rd.
                   Oakland, CA 94621

       Date of Service:  May 6, 2008

       Time of Service:  12:45 PM

Person who served papers:
TYSON C. ADLAO                    Fee for service: $90.50
SPECIALIZED LEGAL SERVICES, INC.  Registered California process server.
1112 Bryant Street, Suite 200     (i) Employee or Independent Contractor
San Francisco, CA 94103           (ii) Registration no.: 958
Telephone: (415) 357-0500         (iii) County: San Francisco

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: May 6, 2008                    Signature _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NINGBO YONG FENG PACKAGING CO.,
LTD,

                    Plaintiff (s),
            v.

EAGLE BAG CORPORATION,
                    Defendant(s).

No. C 08-02327 SBA

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE AND
ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Saundra B. Armstrong. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 5/6/2008 | Complaint filed | |
| 8/13/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP  26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil  L.R. 16-8 |
| 8/27/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil  L.R . 16-9 |
| 9/3/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 3, 3rd Floor at 3:00 PM | Civil_L.R.  16-10 |

  *  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

## JUDGE ARMSTRONG'S STANDING ORDERS

1. Counsel are expected to consult and comply with all provisions of the Local Rules of Court relating to continuances, motions and all other matters.

2. **Civil Law & Motion will be held at 1:00 p.m.**, on Tuesdays. Criminal Law & Motion will be held at 9:00 a.m. on Tuesdays. Civil matters shall not be noticed for hearing on a Tuesday following an official court holiday that falls on a Monday.

3. The parties need not reserve a hearing date. However, the parties are advised to check the court's calendar at www.cand.uscourts.gov for the next available hearing date. Matter's are calendared on a first come first serve basis. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

4. Before appearing for a matter before this Court all parties shall check the court's calendar at www.cand.uscourts.gov to confirm that their matters are still on calendar.

5. **Meet and Confer Requirement;** All parties are expected to meet and confer before filing any motion before this court.

6. **Summary judgment/ adjudication:** The parties are not required to file statements of undisputed facts in connection with a motion for summary judgment. However, if the parties desire to file a statement of undisputed facts, only <u>one joint</u> statement of undisputed facts <u>signed</u> by <u>all parties</u> shall be filed. All separate statements will be stricken. If the parties are unable to agree that a fact is undisputed, they should assume that fact is in dispute.

7. **Proposed orders:** Each party filing or opposing a motion shall also serve and file a proposed order, which sets forth the relief the party request the Court to adopt. The proposed order shall include the following subsections: Background, Legal Standard, Analysis, and Conclusion, and shall include a level of detail reciting the rationale of the decision, including factual background and citations to authority.

8. The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.

9. **Criminal Law & Motion will be held at 9:00 a.m.**, on Tuesdays for status or trial setting. **10:00 a.m.** for Judgment & Sentencing. **11:00 a.m.** for motions, pretrial conferences, and changes of plea.. Prior to a plea being entered in a criminal case, a copy of the plea agreement **must** be submitted to chambers no later then the Friday before the plea is to be taken. All persons pleading guilty must complete an **Application for Permission to Enter Plea of Guilty**, which is available on the Court's website at www.cand.uscourts.gov.

10. **In All "E-Filing" Cases Effective Immediately,** when filing papers in connection with any motion or case management conference, the parties shall, in addition to filing papers electronically, lodge with the Clerk's Office a printed copy of the papers by the close of business the following day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any other document with the Clerk's Office that has already been filed electronically. You MUST submit a hard copy of all motion papers filed in E-FILED cases in order to be placed on calendar!!

In addition to the requirements set forth in the Civil L.R. 16-10, counsel are expected to comply with the following:

### A.    Filing Case Management Statements

Counsel are expected to comply with this Standing Order concerning the joint filing of the Case Management Statement. In preparing the Case Management Statement, the parties shall use the Standing Order For All Judges Of The Northern District Of California provided herewith. Note that **no** party may submit a separate Case Management Statement. Disagreements among parties with respect to any of the matters contained in the Case Management Statement shall be set forth in the appropriate sections.

Counsel are further expected to file a Case Management Statement at least ten (10) days before each and every scheduled Case Management Conference conducted in this action. If there is no change in the status of the case from the time the last statement was filed, counsel shall indicate as such in a pleading and attach a copy of the most recently filed Case Management Statement to the pleading. Failure to timely file a Case Management Statement may result in sanctions.

### B.    Appearance At The Case Management Conference

Each party shall be represented at the Case Management Conference by Counsel prepared to address all of the matters referred to in the Standing Order For All Judges Of The Northern District Of California., and with authority to enter into stipulations and make admissions pursuant to this and Fed. R. Civ. P. 16(a) and (c). Representatives of the parties may, but are not required to, attend. Unless otherwise specified, all Case Management Conferences shall take place via telephone. Plaintiff or his/her counsel is responsible for setting up the conference call. Plaintiff or his/her counsel will be notified of the date and time of the telephone conference call by Clerk's Notice shortly after the case has been filed.

Any request to reschedule the above dates shall be made in compliance with Civil L.R. 7-12 and must be made at least ten days prior to the date sought to be modified. Counsel shall not contact the chambers of Judge Armstrong regarding requests to modify provisions of this Standing Order; all requests must be submitted in writing and served on all parties to the action.

The parties should be prepared to address and resolve at the Case Management Conference all of issues in the Standing Order For All Judges Of The Northern District Of California attached herewith.

 s/SAUNDRA BROWN ARMSTRONG
SAUNDRA BROWN ARMSTRONG
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C08-02327    SBA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

E-filing

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10

11          C08-02327        SBA

12          Plaintiff,
                              CONSENT TO PROCEED BEFORE A
13   v.                      UNITED STATES MAGISTRATE JUDGE

14

15          Defendant.
                              /
16

17   CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

18        In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party in

19   the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate

20   Judge conduct any and all further proceedings in the case, including trial, and order the entry of a

21   final judgment. Appeal from the judgment shall be taken directly to the United States Court of

22   Appeals for the Ninth Circuit.

23

24   Dated:                          _____
                                     Signature
25
                                     Counsel for_____
26                                   (Name or party or indicate "pro se")

27

28

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov,** and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

    Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# **Exhibit B**

United States District Court
For the Northern District of California

1
2
3
4      IN THE UNITED STATES DISTRICT COURT
5      FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   NINGBO YONG FENG PACKAGING CO.,        No. C 08-02327 SBA
    LTD,
8                                          **CLERK'S NOTICE**
9                 Plaintiff,
10       v.
11   EAGLE BAG CORPORATION,
12               Defendant.                    /
13
14   **Counsel for the plaintiff is directed to serve a copy of this Notice upon any other party in this action not enrolled in the e-filing program. Following service, Counsel shall file a certificate of service with the Clerk of the Court.**
15
16       YOU ARE HEREBY NOTIFIED THAT the Case Management Conference set for , **September 3, 2008, has been moved to, September 3, 2008, at 2:30 p.m., via telephone.**
17       **Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559.**
18
19       **(NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.)**
20       **Counsel shall file a Joint Case Management Conference Statement 10 days in advance of the Case Management Conference that complies with the Standing Order For All Judges Of**
21   **The Northern District Of California and the Standing Order of this Court.**
22   **Dated: 5/8/08**
23                              **FOR THE COURT,**
24                              **Richard W. Wieking, Clerk**
25                              **By: s/Lisa R. Clark**
                                **Courtroom Deputy**
26
27
28

1  Malhar S. Pagay (CA Bar No. 189289)
   Pamela E. Singer (CA Bar No. 224758)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010

5

6  Attorneys for Petitioner

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                OAKLAND DIVISION

11  In the Matter of the Arbitration between       Civil Action, File No. 08-02327 SBA

12  Ningbo Yong Feng Packaging Co., Ltd,           **CERTIFICATE OF SERVICE**

13                         Petitioner,

14        v.

15  Eagle Bag Corporation,

16                         Respondent.

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1

## **PROOF OF SERVICE**

2   STATE OF CALIFORNIA         )
                                )

3   COUNTY OF SAN FRANCISCO  )

4

5         I, Katherine Suk, am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 California Street, 15th Floor, San Francisco, California 94111-4500.

6

7         On May 8, 2008, I caused to be served the

         *Clerk's Notice* re: updated telephonic case management conference

8

9         in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

10   Wang Chin Long
         Agent for Service of Process for Eagle Bag Corporation

11   700A Independent Rd.
         Oakland, CA 94621

12

13  ☑  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16  ☐  (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

17

18  ☐  (BY OVERNIGHT DELIVERY) By sending by         to the addressee(s) as indicated on the attached list.

19         I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

20

21         Executed on May 8, 2008, at San Francisco, California.

22                          */s/ Katherine Suk*
                            Katherine Suk

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# <u>Exhibit C</u>

**UNITED STATES DISTRICT COURT**
Northern District of California
1301 Clay Street
Oakland, California 94612

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
510.637.3530

June 17, 2008

RE: <u>CV 08-02327 SBA</u>    <u>NINGBO YONG FENG PACKAGING CO., LTD-v- EAGLE</u>
<u>BAG CORPORATION</u>

Default is entered as to **Eagle Bag Corporation** on **06/17/2008**.

RICHARD W. WIEKING, Clerk

by

Jessie Mosley
Case Systems Administrator

NDC TR-4  Rev. 3/89

1   Malhar S. Pagay (CA Bar No. 189289)
    Pamela E. Singer (CA Bar No. 224758)
2   PACHULSKI STANG ZIEHL & JONES LLP
    150 California Street, 15th Floor
3   San Francisco, California 94111-4500
    Telephone: 415/263-7000
4   Facsimile: 415/263-7010

5
    Attorneys for Petitioner
6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                             OAKLAND DIVISION

11  In the Matter of the Arbitration between        Civil Action, File No. C08-02327

12  NINGBO YONG FENG PACKAGING CO., LTD,            **JUDGMENT**

13                              Petitioner,

14          v.

15  EAGLE BAG CORPORATION,

16                              Respondent.

17          On June 17, 2008, the Clerk of the Court entered a default [Docket No. 12] pursuant to the

18  *Request for Entry of Default and For Default Judgment By the Clerk,* filed by Ningbo Yong Feng

19  Packaging Co., Ltd. ("Petitioner"), on June 6, 2008 [Docket No. 7].

20          The Petitioner has submitted the *Declaration of Pamela E. Singer* (the "Singer Declaration")

21  that states that the Respondent, Eagle Bag Corporation ("Respondent"), is not an infant, incompetent

22  or in the military and that despite proper service, Respondent has failed to respond to the *Petition for*

23  *Order Confirming Foreign Arbitration Award Pursuant to 9 U.S.C. § 207* ("Petition")[1] that

24  Petitioner filed in this case on May 6, 2008.  The Petition (with the Arbitration Award) is attached to

25  the Singer Declaration as Exhibit A.  The Singer Declaration and the exhibits thereto, establishes a

26  *prima facie* case that Petitioner is entitled to recover (A) the sum of $328,565.84, plus interest

27  accruing thereon at the rate of six percent (6%) per annum, commencing September 9, 2007, through

28
    _____
    [1] Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Petition.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

JUDGMENT

1

the date this Judgment is satisfied, as provided in the Arbitration Award, and (B) costs incurred in this action in the amount of $548.50 with post-judgment interest to incur on such costs at the rate of 2.05% per annum, commencing from the date of entry of this Judgment, through the date this Judgment is satisfied.  Therefore, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure:

1.    The Arbitration Award against Respondent, Eagle Bag Corporation, is hereby confirmed; and,

2.    Judgment is hereby entered against the Respondent, Eagle Bag Corporation, in favor of the Petitioner, Ningbo Yong Feng Packaging Co., Ltd., in the amounts of (A) $328,565.84, plus interest thereon at the rate of six percent (6%) per annum, commencing September 9, 2007, and continuing through the date that Respondent, Eagle Bag Corporation, satisfies this Judgment, as provided in the Arbitration Award, and (B) $548.50, representing costs incurred in this action, with post-judgment interest to accrue on the $548.50 in costs at the rate of 2.05% per annum from and after the date of entry of this Judgment until the Respondent satisfies this Judgment.

Certificate of Service of [proposed] Judgment was filed on August 26, 3008.

**END OF ORDER**

JUDGMENT

COURT SERVICE LIST

**Respondent**
Wang Chin Long
Agent for Service of Process
Eagle Bag Corporation
700A Independent Road
Oakland, CA 94621

**Counsel to Petitioner**
Pamela E. Singer
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

1  Malhar S. Pagay (CA Bar No. 189289)
   Pamela E. Singer (CA Bar No. 224758)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010

5

6  Attorneys for Petitioner

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11  In the Matter of the Arbitration between        Civil Action, File No. 08-02327 SBA

12  Ningbo Yong Feng Packaging Co., Ltd,            **CERTIFICATE OF SERVICE**

13                          Petitioner,

14          v.

15  Eagle Bag Corporation,

16                          Respondent.

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                               )
COUNTY OF SAN FRANCISCO      )

     I, Katherine Suk, am employed in the city and county of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 150 California Street, 15th Floor, San Francisco, California  94111-4500.

     On August 26, 2008, I caused to be served the

**Request for Entry of Default Judgment By the Court**

**Declaration of Pamela E. Singer in Support of Request for Entry of Judgment By the Court**

[proposed] **Judgment**

in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

Wang Chin Long
Agent for Service of Process for Eagle Bag Corporation
700A Independent Rd.
Oakland, CA 94621

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

     I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

     Executed on August 26, 2008, at San Francisco, California.

               */s/ Katherine Suk*
               Katherine Suk

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA